**In re MEYER.**  (Two cases.)

**In re MARTIN.**  (Four cases.)

[Cite as *In re Meyer* (1994), 98 Ohio App.3d 189.]

Court of Appeals of Ohio,
Defiance County.

Nos. 4–93–16 to 4–93–21.

Decided Oct. 25, 1994.

*Williamowski & Williamowski Co., L.P.A.,* and *John R. Williamowski,* for appellants.

*Jeffrey A. Strausbaugh,* Defiance County Prosecuting Attorney, and *Jayne Z. Yoder,* Assistant Prosecuting Attorney, for appellee.

EVANS, Judge.

Appellants, Jim Martin, Sr., and Kim Martin, appeal from a decision of the Defiance County Court of Common Pleas, Juvenile Division, awarding permanent custody of their children to the Defiance County Department of Human Services and divesting them of all parental rights. For the reasons that follow, the decision of the trial court is affirmed.

I

On September 27, 1993, the Defiance County Department of Human Services ("DCHS") filed a complaint in neglect and dependency in the Defiance County Common Pleas Court, Juvenile Division, requesting that permanent custody of Timmy A., Delbert, Jimmy Jr., and Frederick Jacob Martin, as well as Ronny and Danny L. Meyer, be awarded to DCHS. The appellants are the natural parents of Timmy, Delbert, and Frederick Martin, as well as Ronny and Danny Meyer. Jim Meyer, Sr. is the natural father of Jimmy Martin, Jr. Jimmy Martin, Jr.'s natural mother permanently surrendered her parental rights to Jimmy, Jr. in 1991.

Following an adjudicatory hearing conducted on September 30, 1993, the trial court found the children neglected and dependent. On that same day, by stipulation of counsel, the parties then proceeded to a dispositional hearing on DCHS's motion for permanent custody. By a judgment entry dated October 5, 1993, the trial court terminated all parental rights and granted permanent custody of the children to DCHS.

The efforts of DCHS to reunite the family, as outlined by the trial court in its October 5 judgment entry, are as follows: In November 1989, the first neglect complaint was leveled. A case plan was drawn, and the children were not removed from their home. In September 1990, noncompliance with the case plan resulted in the removal of the children from their home and placement with their natural maternal grandmother. In January 1991, the children returned home under the protective supervision of DCHS. A new case plan formulated at that time required the appellants to attend parenting classes. The new case plan also directed the appellants to maintain their home in a sanitary manner, free of debris hazardous to the children. In June 1991, the trial court awarded temporary custody of the children to DCHS, because of the recurrence of squalid living conditions at the children's home. The children were then placed in extended foster care. They returned home in the spring of 1992.

Upon considering the custodial history of the children, the recommendations of the guardian *ad litem*, and the relationships maintained by the children with their foster parents and each other, the trial court found that the children needed a secure placement which could only be achieved through permanent custody and adoption, and that it was in the best interests of the children to permanently terminate the appellants' parental rights. The trial court based its decision upon the following evidence: the infestation of the appellants' home with lice, cockroaches, and houseflies; the testimony of four witnesses as to the filthy and dangerous conditions existing at the appellant's home, including the filthy condition of the children; the constant lack of food for the children; and the lack of parental supervision. The guardian *ad litem*'s report, also submitted to the trial court, documented the lack of basic plumbing, heating, and electrical service within the home.

In August 1993, the appellants and the children moved to Paulding County. They continue to reside there.

## II

The appellants assert six assignments of error for our review:

"ASSIGNMENT OF ERROR NO. I

"The trial court erred to the prejudice of the appellants herein, in failing to grant appellants' motion to dismiss at the commencement of the adjudicatory hearing on the complaint requesting permanent custody."

■ The appellants contend that the trial court lacked jurisdiction to adjudicate the complaint because they and their children resided in Paulding County when DCHS filed the complaint on September 27, 1993. R.C. 2151.23 governs the jurisdiction of juvenile courts and provides in pertinent part:

"(A) The juvenile court has exclusive jurisdiction under the Revised Code:

"(1) Concerning any child who on or about the date specified in the complaint is alleged to be a[n] * * * abused, neglected, or dependent child;

"(2) To determine the custody of any child not a ward of another court of this state[.]"

In *In re Poling* (1992), 64 Ohio St.3d 211, 594 N.E.2d 589, paragraph one of the syllabus, the Ohio Supreme Court held that pursuant to R.C. 2151.23(A), a juvenile court has jurisdiction to determine the custody of a child alleged to be abused, neglected, or dependent, when that child is not the ward of any court in Ohio. Besides the Defiance County Common Pleas Court, Juvenile Division, it is undisputed that the children are not the wards of any other court in Ohio. Consequently, the Defiance County Common Pleas Court, Juvenile Division, had jurisdiction to determine the custody of the children.

■ The true nature of the appellants' argument is whether Defiance County was the proper venue to determine this matter. R.C. 2151.271 states in pertinent part:

"If the child resides in a county of the state and the proceeding is commenced in a juvenile court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory, or dispositional hearing, for such further proceeding as required. * * *" See, also, Juv.R. 11 (dealing with proper venue in juvenile court proceedings).[1]

The appellants posit that R.C. 2151.271 and Juv.R. 11 mandate the Paulding County Common Pleas Court, Juvenile Division, as the proper court to determine the children's custody. However, both Juv.R. 11 and R.C. 2151.271 indicate that venue is within the discretion of the court. See *Ackerman v. Lucas Cty. Children*

---

1. Juv.R. 11(A) in part provides: "If the child resides in a county of this state and the proceeding is commenced in a court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceeding as required."

*Serv. Bd.* (1989), 49 Ohio App.3d 14, 15, 550 N.E.2d 549, 550–551 (holding that in the absence of the mandatory provisions of Juv.R. 11[B], the matter of venue is completely within the discretion of the juvenile court).

During the September 30 hearing, the appellants moved to dismiss the case and to terminate the jurisdiction of the DCHS, because at the time of the hearing the parents and children resided in Paulding County. The trial court denied the motion, reasoning that since the children's cases were continuing in nature, and because the alleged incidents of neglect contained in the complaint occurred while the children resided in Defiance County, the case was properly before it. Furthermore, the trial court noted that the majority of the witnesses resided in Defiance County, and that Paulding County's contact with the children at that juncture was minimal at best, given that the children's residency in Paulding County prior to the hearing totalled approximately four to six weeks. Consequently, the trial court's denial of the motion to dismiss was not an abuse of discretion. See *Squires v. Squires* (1983), 12 Ohio App.3d 138, 140–141, 12 OBR 460, 461–463, 468 N.E.2d 73, 75–77.

The appellants' first assignment of error is overruled.

"ASSIGNMENT OF ERROR NO. II

"The trial court erred to the prejudice of the appellants herein, by failing to determine whether each child could be placed with his parents within a reasonable time or should be placed with his parents.

"ASSIGNMENT OF ERROR NO. III

"If the trial court determined that each child could not be placed with his parents within a reasonable time or should not be placed with his parents, the trial court erred, to the prejudice of the appellants herein, in that such determination is not supported by clear and convincing evidence.

"ASSIGNMENT OF ERROR NO. IV

"The trial court erred, to the prejudice of appellants herein, by failing to consider the factors enumerated in Ohio Revised Code Section 2151.414(D) in determining the best interest of each child.

"ASSIGNMENT OF ERROR NO. V

"If the trial court did consider each of the factors enumerated in Ohio Revised Code Section 2151.414(D) to determine [w]hat is in the best interest of each child to grant each child's permanent custody to the department of human services, the trial court erred, to the prejudice of appellants herein, in that such determination is not supported by clear and convincing evidence."

Since the appellants' second, third, fourth, and fifth assignments of error are substantially similar in that they complain that the juvenile court did not follow

the statutory criteria for awarding permanent custody of the children to DCHS, we consider them together. The appellants contend that the trial court erred in finding that the children could not be placed with them within a reasonable time. R.C. 2151.414(B)(1) permits the trial court to grant permanent custody to a human services agency if such is in the best interest of the child and "[t]he child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time * * *."

When determining the child's best interests, R.C. 2151.414(D) requires that the court consider "all relevant factors, including, but not limited to, the following":

"(1) The reasonable probability of the child being adopted, whether an adoptive placement would positively benefit the child, and whether a grant of permanent custody would facilitate an adoption;

"(2) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;

"(3) The wishes of the child * * *;

"(4) The custodial history of the child;

"(5) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency."

To support a finding that a child cannot be placed within a reasonable time with either of his parents, R.C. 2151.414(E) requires the presence of at least one listed factor:

"(1) Following the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly for a period of six months or more to substantially remedy the conditions causing the child to be placed outside his home. * * *

" * * * *

"(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

" * * * *

"(8) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect."

The R.C. 2151.414 permanent custody determination must be supported by clear and convincing evidence. *In re Davis* (June 3, 1994), Defiance App. Nos. 4–93–25, 4–93–26 and 4–93–27, unreported, 1994 WL 240271. "Clear and convincing evidence" is defined as that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Cincinnati Bar Assn. v. Massengale* (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222, 1222–1223. Once the clear and convincing standard has been met to the satisfaction of the trial court, a reviewing court "must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof." *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368, 18 OBR 419, 425, 481 N.E.2d 613, 621. We will not overturn a determination of the trial court unless it is unsupported by clear and convincing evidence. *Id.* See, also, *In re Adoption of Lay* (1986), 25 Ohio St.3d 41, 42, 25 OBR 66, 67, 495 N.E.2d 9, 10 (observing that while the burden of proof for the trial court is that of clear and convincing, a reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof).

Having reviewed the record, we find that the trial court had clear and convincing evidence before it upon which to base its decision to award permanent custody of the children to DCHS. The record reflects that all six children were extremely dirty and had poor personal hygiene. There was substantial testimony that the family's residence was extremely filthy, untidy, and hazardous for small children. The record reveals that the appellants were unable to follow the case plan, as the trial court aptly observed in its October 5, 1993 judgment entry.

Thus, these facts, taken together, constitute clear and convincing evidence which supports the trial court's determination that permanent custody was in the best interests of the children and that they could not be placed with the appellants within a reasonable time. R.C. 2151.414(C) requires the trial court to make findings of fact and conclusions of law "upon the request of any party." The appellants made no such request. Our review of the record indicates that the juvenile court considered the relevant criteria and evidence when it granted permanent custody of the children to DCHS, and this analysis is adequately reflected in the juvenile court's October 7 judgment entry. This court is satisfied that the trial court had sufficient evidence before it to meet the clear and convincing burden of proof required by R.C. 2151.414(B).

The appellants' second, third, fourth, and fifth assignments of error are overruled.

"ASSIGNMENT OF ERROR NO. VI

"The trial court erred, to the prejudice of appellants herein, in concluding that the children are neglected."

R.C. 2151.03(A) defines a "neglected child" as any child:

"(1) Who is abandoned by his parents, guardian, or custodian;

"(2) Who lacks proper parental care because of the faults or habits of his parents, guardian, or custodian;

"(3) Whose parents, guardian, or custodian neglects or refuses to provide him with proper or necessary subsistence, education, medical or surgical care or treatment, or other care necessary for his health, morals, or well being[.]"

■ The complaint filed by DCHS alleged neglect under subsections two and three of the statute. The appellants postulate that neglect must be demonstrated by proof of direct harm flowing from the neglect. The witnesses that testified in support of the allegations contained in the complaint articulated the risks facing these children should they remain in the custody of their parents. As spelled out earlier, there was clear and convincing evidence that the appellants demonstrated poor child-care skills, as documented by their inability to maintain their home in a clean and hazard-free manner, the constant filth of the children, and their inability to supervise the six children. Thus, more than enough evidence existed for the trial court to conclude that the children were neglected under R.C. 2151.03.

The sixth assignment of error is overruled.

## III

Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgments of the Defiance County Court of Common Pleas, Juvenile Division.

*Judgments affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.