OPINION
This appeal is taken by Respondent/Appellant Christina Walker from the judgment of the Court of Common Pleas of Marion County granting Marion County Children's Services Board's request for permanent removal of Walker's minor children, Joseph, Tyler and Allen.
Joseph Curtis, Tyler Curtis and Allen Walker have been in the temporary care and custody of the Marion County Children Services Board since October 13, 1997. This family has been involved with the Marion County Children Services Board ("MCCSB") since the birth of Joseph in 1987. In 1989, Joseph was removed from the home due to his parent's failure to provide adequate shelter. Joseph was eventually returned to care of his parents. However, Joseph, Tyler and Allen have been involved with the MCCSB on and off since February of 1989.
On October 13, 1997, Joseph, Tyler and Allen ("the children") were removed from the mother's home and found to be neglected and dependent. The underlying basis for the placement and the removal of the children was physical abuse by the father. Since their removal the children have been placed in several foster homes. The oldest child, Joseph, is in sixth grade and has a significant number of problems. He is currently at Hannah Neil Center where he receives educational services. He does not obey rules, he is defiant, curses the teachers on a regular basis and has even assaulted teachers.
Allen is in third grade. He does exceptionally well in school and has no behavior problems. When at home with his foster parents however, he displays sporadic behavior problems. The foster parents have had to restrain him on several occasions because he threw and kicked things. He has a habit of urinating on the bedroom wall when he becomes angry.
T.J. is in the second grade. He is very well-behaved and follows the rules in school, however, he may have some severe learning disabilities. At home, T.J. still wets his bed and like Allen has behavior problems. However, he tends to follow Allen's lead and most of his tantrums are a reaction to Allen's. T.J. and Allen are currently living with the same foster parents.
During evaluations all three children expressed some attachments to their mother but none of the children wanted to see their father. Moreover, Allen expressed no desire to return to the custody of either parent.
After Walker's continuous failure to meet the demands of the case plan set forth by the MCCSB, the Board moved for permanent custody of the children. After a hearing, the Court of Common Pleas of Marion County granted the MCCSB permanent custody of the children. On appeal from that judgment Walker makes the following two assignments of error:
 The court failed to list or identify one of the factors from O.R.C. 2151.414(E) in its judgment entry, granting permanent custody and thus committed reversible error.
 It is error for the court to grant permanent custody where the evidence is insufficient to support such a finding.
Walker asserts two separate assignments of error addressing similar propositions. Initially Walker claims that the trial court improperly applied the requirements of R.C. § 2151.414. Next Walker claims that there was insufficient evidence to support a grant of permanent custody to the Marion County Child Services Board and thus, the trial court erred by terminating her parental rights. For purposes of convenience and clarity this Court will address the assignments together.
The R.C. 2151.414 permanent custody determination must be supported by clear and convincing evidence. In Re Meyer(1994)98 Ohio App.3d 189. "Clear convincing evidence" is defined as that measure or degree of proof which is more than a mere "preponderance of evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought be established.Cincinnati Bar Assn. v. Masssengale (1991), 58 Ohio St.3d 121,122, 568 N.E.2d 1222, 1222. An appellate court, in reviewing awards of permanent custody of children to public children services agencies, will affirm the judgments supported by some competent, credible evidence. Jones v. Lucas Cty. Children Serv.Bd. (1988), 46 Ohio App.3d 85, 86, 546 N.E.2d 471, 472.
A trial court that is conducting a hearing on a motion for permanent custody must follow the guidelines set forth in R.C.2151.414. Pursuant to R.C. § 2151.353(A)(4), the court may grant such a motion if two determinations are made. The court must determine by clear and convincing evidence, after a child has been found by the court to be neglected, dependent, or abused, that it is in the child's best interest to grant the movant permanent custody "and that any of the following apply":
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents;
(2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody." R.C. § 2151.414(B)(1)-(3).
 When determining what is in the best interest, R.C. § 2151.414(D) mandates that the court consider "all relevant factors, including, but not limited to, the following":
 The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 The wishes of the child, as expressed directly by the child or through his guardian ad litem, with due regard for the maturity of the child;
 The custodial history of the child;
 The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 Further, when determining, based on R.C. 2151.414(B)(1), that a child cannot or should not be placed with the parents within a reasonable time, the court must consider all relevant evidence, finding, by clear and convincing evidence that one of the following conditions exists:
 Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.
 The parent committed any abuse as described in section 2151.031 of the R.C. against the child * * *
 The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 * * *
 (12) Any other factors the court considers relevant. R.C. 2151.414 (E)
Having thoroughly reviewed the record we find that the trial court had clear and convincing evidence before it upon which to base its decision to award permanent custody of the children to the MCCSB. The judgment entry, which is amply supported by the record, states in pertinent part:
 1. These children were removed from their parents on October 13, 1997, and found to be neglected and dependent on January 6, 1998.
 * * *
 Mother suffers from Bi-Polar Disorder. Mother was also referred to family counseling and drug and alcohol abuse counseling.
 Mother's drug testing was positive for amphetamines and marijuana and a subsequent test was positive for marijuana and Ritalin.
 * * *
 6. * * * Mother's drug and alcohol assessment yielded a diagnosis of alcohol and cocaine dependence and amphetamine abuser.
 7. Mother did not comply with recommendations that she cooperate with inpatient treatment at Crossroads alcohol treatment program.
 8. * * * mother had failed to comply with the case plan approved by the Court on January 20, 1999.
 * * * [father] has not participated in any portion of the case plan
 Mother currently resides in a home with * * *. That home is not appropriate for children, as the owners are currently involved with the Scioto County Children Services and Department of Human Services.
 Mother did not comply with the services provided by Scioto County.
 Parents have failed to regularly visit the children. Weekly scheduled visits are attended only half of the time.
 10. The evidence is clear and convincing that these children are in need of a safe, stable, secure and loving home environment.
 The children, Tyler and Allen are currently in counseling at Marion Area Counseling center because of aggressive and destructive behaviors. Allen is taking Ritalin and Clonodine and Tyler is taking Ritalin and Risperdol.
 The counselor stated that the best thing for the children's treatment would be a stable and safe home environment.
 * * *
 Wherefore in light of the foregoing evidence there is clear and convincing evidence that permanent care and custody of Joseph Curtis, Tyler Curtis and Allen Walker should be granted to Marion Count Children Services.
 * * *
 The children's continued residence in or return to the home would be contrary to the children's best interest and welfare.
 Thus these facts taken together constitute clear and convincingevidence which supports the trial court's determination thatpermanent custody was in the best interests of the children andthat they could not be placed with Walker within a reasonabletime. Therefore, there was sufficient evidence to support thejudgment of the trial court.
Despite this Walker claims that the trial court erred because it failed to make the requisite finding outlined above in R.C.2151.414(B)(1)-(3). Specifically, Walker claims that the trial court did not state that the children could not be placed with parents within a reasonable time. However, R.C. 2151.414(B) does not require that the trial court state any magic words thus triggering the propriety of a grant of permanent custody. Rather the statute mandates that the grant of permanent custody be supported by certain criteria as stated above.
The failure of the trial court to use the words "the childcannot be placed with either of his parents within a reasonabletime or should not be placed with his parents" is not a per seviolation of the statutory criteria as long as the judgment entrygranting permanent custody supports such conclusion. This courtdealt with a similar issue in In Re Meyer (1994) 98 Ohio App.3d 189,where we held that the record supported a finding that thechild could not be placed with the parents within a reasonabletime despite the lack of an express statement thereof in thejudgment entry.
Moreover, as we stated in Meyer, R.C. 2151.414(C) requires the trial court to make such findings of fact and conclusions of law "upon the request of any party." The appellant made no such request. Our review of the record indicates that the court considered the relevant criteria and evidence when it granted permanent custody to the MCCSB in its judgment entry dated October 26, 1999.
Therefore, no error having been shown by Walker in either assignment of error, the judgment of the Court of Common Pleas of Marion County, Juvenile Division, is affirmed.
Judgments affirmed.
 ______________________________ BRYANT, PRESIDING JUDGE
 HADLEY, P.J., and WALTERS, J., concur.