OPINION *Page 2 
{¶ 1} The mother-appellant, Crystal McDuffie, appeals the judgment of the Marion County Common Pleas Court, Family Division, granting permanent custody of her minor child, Cayden Lawson, to the Marion County Children's Services Board.
 {¶ 2} On November 4, 2004, MCCSB filed a complaint alleging that Cayden, born on October 27, 2004, was a dependent child. On February 24, 2005, Cayden was adjudicated dependent by stipulation but remained in McDuffie's care and custody. On September 5, 2005, MCCSB filed a motion for emergency orders, which was granted, and Cayden was placed in MCCSB's custody following a shelter care hearing. On September 13, 2005, MCCSB filed a complaint alleging that Cayden was neglected and dependent. The trial court adjudicated Cayden neglected and dependent on November 4, 2005 and placed him in the temporary custody of MCCSB.
 {¶ 3} McDuffie filed a motion for the return of Cayden in September 2005; however, the motion was stayed as she attempted to comply with her case plan. On May 2, 2006, MCCSB filed a motion for permanent custody. The trial court held hearings on the motion on June 13 and July 18, 2006, and on December *Page 3 
8, 2006, the trial court entered judgment in favor of MCCSB. McDuffie appeals the judgment of the trial court, setting forth three assignments of error for our review.
 First Assignment of Error The trial court erred when it concluded that [McDuffie] failed to remedy the situation that caused removal of the child pursuant to O.R.C. § 2151.414(E)(1) and erred in not entering a finding that the child could not be placed with a parent within a reasonable time.
 Second Assignment of Error The trial court erred in concluding that [McDuffie] was ubnable [sic] to provide an adequate home pursuant to O.R.C. § 2151.414(E)(4).
 Third Assignment of Error The trial court erred when it granted permanent custody of Cayden to the Marion County Children Services Board without a finding that one of the provisions of O.R.C. 2151.414(B) exists.
 {¶ 4} We must begin by emphasizing the seriousness of this type of case. "Parents have a fundamental right to care for and have custody of their children." In re: Barnes, 3d Dist. No. 1-05-38, 2005-Ohio-6862, at ¶ 5, citing In re: Shaeffer Children (1993), 85 Ohio App.3d 683,621 N.E.2d 426, citing Santosky v. Kramer (1982), 455 U.S. 745,102 S.Ct. 1388, 71 L.Ed.2d 599. As noted by the United States Supreme Court, "`[i]t is cardinal with us that the custody, care and nurture of the child reside first in the parents[.] `" Stanley v. Illinois (1972),405 U.S. 645, *Page 4 92 S.Ct. 1208, 31 L.Ed.2d 551, quoting Prince v. Massachusetts (1944),321 U.S. 158, 166, 64 S.Ct. 438, 88 L.Ed. 645. "Therefore, permanently removing a child from his or her parents' care is an alternative of last resort, sanctioned only when the welfare of the child requires such action." Barnes, at ¶ 5, citing In re: Wise (1994), 96 Ohio App.3d 619,645 N.E.2d 812; In re: Cunningham (1979), 59 Ohio St.2d 100,391 N.E.2d 1034. The "[p]ermanent termination of parental rights has been described as `the family law equivalent of the death penalty in a criminal case.' Therefore, parents `must be afforded every procedural and substantive protection the law allows.'" In re: Hayes (1997), 79 Ohio St.3d 46, 48,679 N.E.2d 680, quoting In re: Smith (1991), 77 Ohio App.3d 1, 16,601 N.E.2d 45.
 {¶ 5} "Before a natural parent's constitutionally protected liberty interest in the care and custody of her child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met." In re:D.H., 3d Dist. No. 9-06-57, 2007-Ohio-1762, at ¶ 12, citingSantowsky
 {¶ 6} , at 759. Clear and convincing evidence is:
 "`that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.'" *Page 5 
Barnes, at ¶ 6, quoting In re: Hershberger, 3d Dist. Nos. 1-04-55 and 1-04-61, 2005-Ohio-429, at ¶ 18, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, citing Merrick v. Ditzler (1915), 91 Ohio St. 256, 110 N.E. 493.
 {¶ 7} In order to grant permanent custody to MCCSB, the court was required to find one of four factors set forth in R.C. 2151.414(B)(1), and it was required to find that granting permanent custody to MCCSB would be in the child's best interest under R.C. 2151.414(D). R.C.2151.414(A); In re: D.H., at ¶ 13.
 {¶ 8} For ease of analysis, we elect to address the assignments of error together. In the third assignment of error, McDuffie contends that the trial court did not identify which subsection of R.C. 2151.414(B)(1) it applied when determining that Cayden should be placed in the permanent custody of MCCSB. McDuffie contends that R.C.2151.414(B)(1)(a) does not apply because the court did not make the findings required under that section. She also contends that R.C.2151.414(B)(1)(b)-(d) are inapplicable because the circumstances required for those findings are not present in this case (i.e. McDuffie did not abandon the child, Cayden is not an orphan, and Cayden was not in MCCSB's care for 12 of 22 months).
 {¶ 9} In response, MCCSB argues that the court made findings under R.C. 2151.414(E), which require the court to enter a finding that Cayden could not be *Page 6 
placed with either parent within a reasonable time, or that he should not be placed with either parent, under R.C. 2151.414(B)(1)(a). The agency contends that the court's findings are supported by clear and convincing evidence on the record. The child's guardian ad litem also filed an appellate brief. In his brief, the guardian ad litem stated, "[w]hile it would have been best for the trial court to have set forth the findings of facts in the specific terms of R.C. § 2151.414(B)(1), the judgment entry contains sufficient facts to establish that the Child could not have been placed with Mother within a reasonable time or that the Child should not have been placed with Mother."
 {¶ 10} Because McDuffie did not request findings of fact and conclusions of law, we must presume regularity in the trial court's methodology. In re: Esparza, 3d Dist. Nos. 9-06-25, 9-06-27,2007-Ohio-113, quoting In re: McKean (Apr. 22, 1998), 3d Dist. Nos. 1-97-46, 1-97-47, quoting Zacek v. Zacek (1983), 11 Ohio App.3d 91, 95,463 N.E.2d 391. In its judgment entry, filed on December 8, 2006, the trial court made the following findings, which are pertinent to this appeal:
 Jerry Whaley testified that Crystal was co-operative in many respects, un-cooperative in many respects and that she would give lip service she would do something, but didn't do it. She has failed to remedy the situation that caused removal of the child. {O.R.C. 2151.414(E)(1).}
 Crystal McDuffie testified that she attended some domestic violence classes but didn't complete them because of illness and *Page 7 lack of transportation. She testified that her sanctions from Job and Family Services was because she didn't get notification of the appointment date until after the date. She basically always had an excuse for not doing required things to get her child returned. She is unable to provide an adequate home. {O.R.C. 2151.414(E)(4).}
 * * *
 William Blanchard is the alleged father but paternity tests were never administered. He has had no contact with the child and the child is abandoned. {O.R.C. 2151.414(E)(10).}
 * * *
 Crystal McDuffie had a child taken by permanent commitment in Wyandot County in 2000. The Journal Entry from Wyandot County Juvenile Court (CSB Exhibit 6) finds many of the same problems this Court has found. {O.R.C. 2151.414(E)(11).}
 {¶ 11} Regardless of whether the trial court erred in making findings under R.C. 2151.414(E)(1) and (4), as alleged in assignments of error one and two, the court made a finding under R.C. 2151.414(E)(11),[1]
which is supported by clear and convincing evidence in the record. Under R.C. 2151.414(E)(11), the court may find that the parent has lost permanent custody of another child. In this case, there is clear and convincing evidence on the record that permanent custody of McDuffie's other child was granted to Wyandot County Children's Services. *Page 8 
 {¶ 12} Under R.C. 2151.414(E), the court need find only one of the listed factors to make a finding that the child cannot be placed with the parent within a reasonable time or that the child cannot be placed with the parent under R.C. 2151.414(B)(1)(a). This standard has been satisfied by the court's finding under R.C. 2151.414(E)(11), so even if the court erred in making findings under R.C. 2151.414(E)(1) and (4), as alleged in McDuffie's first and second assignments of error, such error would be non-prejudicial.
 {¶ 13} McDuffie relies on this Court's holding in Esparza in arguing that the court must specifically state that it made a finding under R.C.2151.414(B)(1)(a). However, McDuffie's reliance on Esparza is misplaced. Because a majority of the panel in Esparza did not agree on the reasoning, the analysis in the lead opinion is not binding.[2] See generally Perry v. Univ. Hosp. of Cleveland, 8th Dist. No. 83034, 2004-Ohio-4098, at ¶ 77 (Corrigan, J., dissenting); State v.Glass, 8th Dist. No. 84035, 2004-Ohio-4912, at ¶ 10
(Corrigan, J., dissenting).
 {¶ 14} Furthermore, appellate courts around the state, including this one, have held that trial courts are not required to recite the statutory language in their judgment entries if the record supports the court's conclusions. In re: Day (Feb. 15, 2001), 10th
Dist. No. 00AP-1191, citing In re: Curtis (Apr. 20, 2000), 3d Dist. *Page 9 
No. 9-99-74, (failure of trial court to use the words "the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents" not per se violation of statutory criteria as long as judgment entry granting permanent custody supports such conclusion); In re: Meyer (1994), 98 Ohio App.3d 189, 648 N.E.2d 52
(record supported finding that child could not be placed with the parents within a reasonable time despite the lack of express statement thereof in the judgment entry); In re: Kelley (Aug. 15, 2000), 3d Dist. No. 9-2000-23, (trial court's failure to reproduce exact statutory language cannot be prejudicial to the appellant). While the court inDay interpreted R.C. 2151.353, the cases it relied upon to support its decision are all from this district and interpret R.C. 2151.414. Although we uphold the trial court's conclusion since its findings are supported by the record, we stress, as we have done in the past, that the better practice would be for the trial court to follow more closely the statutory language. The first, second, and third assignments of error are overruled.
 {¶ 15} The judgment of the Marion County Common Pleas Court, Family Division, is affirmed.
Judgment affirmed.
SHAW and PRESTON, JJ., concur.
[1] The trial court also found under R.C. 2151.414(E)(10), that the child had been abandoned by his father. The record indicates that William Blanchard is Cayden's biological father; however, no father has been registered in Ohio's putative father database, and the record indicates that Blanchard made no attempt to get custody of Cayden. However, this finding cannot be held against the mother, against whom no abandonment finding was made.
[2] Judge Bryant concurred in judgment only, and Judge Shaw wrote a dissent. *Page 1