[Cite as *In re K.M.*, 2009-Ohio-6719.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:                                      CASE NO. 9-09-29

   K. M.,

[RONALD MALONE, APPELLANT].          O P I N I O N

IN RE:                                      CASE NO. 9-09-30

   C. M.,

[RONALD MALONE, APPELLANT].          O P I N I O N

**Appeal from Marion County Common Pleas Court
Family Division
Trial Court Nos. 2004 AB 0071, 2004 AB 0070**

**Judgments Affirmed**

**Date of Decision:  December 21, 2009**

APPEARANCES:

   *Dustin Redmond, Jr.* for Appellant

   *Denise M. Martin* for Appellee

**SHAW, J.**

{¶1} Appellant Ronald Malone ("Ronald") appeals from the July 17, 2009 Judgment Entry of the Marion County Court of Common Pleas, Family Division, terminating his parental rights and granting permanent custody of his children, K.M. and C.M., to the Marion County Children Services Board ("MCCSB").

{¶2} On February 24, 2004, MCCSB filed for and was granted an emergency order to obtain temporary custody of K.M. and C.M. On March 16, 2004, MCCSB filed a complaint alleging K.M. and C.M. were neglected and dependent as defined in R.C. 2151.03 and 2151.04. As the basis for the complaint, MCCSB alleged that Jamie Harbin ("Jamie"), the children's mother and custodial parent, failed to provide stable housing and that the conditions of the home were unsanitary and unsafe.

{¶3} On April 24, 2005, Jaime regained custody of K.M. and C.M. when the court ordered the termination of MCCSB's temporary custody of the children. On July 20, 2005, MCCSB filed another motion for emergency custody requesting temporary custody of K.M. and C.M.[1] MCCSB also filed a new complaint alleging that K.M. and C.M. were neglected, abused, and dependent and requested permanent custody of the children. The same day, the magistrate held a hearing

---

[1] In support of its motion, MCCSB alleged that Jamie violated the case plan by allowing prohibited people to have contact with her children and by failing to maintain a clean home. MCCSB also alleged that Jamie's home was unsafe due to the presence of an improperly stored firearm and "deplorable living conditions."

on MCCSB's motion for emergency custody and found that K.M. and C.M.'s continued residence in Jamie's home would be contrary to their best interest and welfare. Accordingly, the magistrate granted temporary custody of the children to MCCSB. On October 28, 2005, MCCSB filed a motion to dismiss the July 20, 2005 complaint and re-filed a new complaint again alleging that the children were neglected, abused, and dependant and requested permanent custody. A hearing on the complaint was set for January 19, 2006.

{¶4} Neither Jamie nor Ronald were present at the January 19, 2006 hearing. Jamie left the courtroom in a distraught emotional state prior to the commencement of the hearing and failed to return. Her attorney subsequently withdrew from her representation. Ronald was incarcerated at the time for violating his parole; however, he was represented by counsel. On May 17, 2006, the court entered its Judgment Entry regarding the January 19, 2006 hearing and found, "by clear and convincing evidence that it is in the best interest of the children to grant permanent care and custody to Marion County Children's Services."

{¶5} Ronald filed an appeal with this Court arguing that the trial court erred in granting MCCSB's motion for permanent custody. On February 26, 2007, this Court reversed the trial court's grant of permanent custody, finding that:

> **\* \* \* the trial court abused its discretion and did not act in accordance with the provisions of R.C. 2151.27, R.C. 2151.28, R.C. 2151.35, and R.C. 2151.353. Specifically, we find that the**

-3-

> **court failed to address the issue of adjudication and make a finding as to whether or not [K.M.] and [C.M.] were abused, neglected, or dependent prior to finding that it was in the best interest of the children to grant permanent care and custody to MCCSB.**

*In re Malone*, 2007-Ohio-769, at ¶36.

**{¶6}** On January 30, 2008, the trial court entered a Judgment Entry this time expressly stating: "the evidence is clear and convincing that these children are Neglected and Dependant at the time of the hearing." The trial court then set forth its R.C. 2151.414 findings of fact and concluded that granting MCCSB's motion for permanent custody was in the children's best interests. However, the court did not conduct a new hearing and based its judgment solely on the evidence elicited from the January 19, 2006 hearing.

**{¶7}** On February 26, 2008, Ronald filed a second appeal to this Court asserting that the trial court erred in granting MCCSB's motion for permanent custody because it failed to conduct a separate dispositional hearing after it adjudicated the children neglected and dependent. On September 2, 2008, this Court reversed the trial court's grant of permanent custody finding that:

> **Since the trial court did not find that the children were neglected/dependent at the January 19, 2006 hearing, the trial court could not, at that time, properly proceed to disposition. Accordingly, the January 19th hearing cannot satisfy the "separate dispositional hearing" requirement necessary for the court's dispositional order. * * * Furthermore, nothing in the record indicates that the trial court ever held a proper "separate" dispositional hearing as required. Almost one year following our remand, the trial court did not hold any new**

**adjudicative or dispositional hearings, but instead simply entered a new judgment based on the January 19th hearing, which specifically found that [K.M.] and [C.M.] "are Neglected and Dependent at the time of the hearing."**

*In re Malone*, 2008-Ohio-4412, at ¶18. The case was remanded to the trial court with specific instructions to "1) hold a separate dispositional hearing; and then, 2) to enter a new judgment entry reflecting the court's disposition." *Id*. at ¶28.

{¶8} On February 3, 2009, the dispositional hearing was held. Several witnesses testified including Ronald. On July 17, 2009, the court entered its Judgment Entry granting permanent custody of K.M. and C.M. to MCCSB.

{¶9} Ronald now appeals asserting one assignment of error.

**THE TRIAL COURT ERRED IN GRANTING APPELLEE PERMANENT CUSTODY OF THE CHILDREN WHEN IT FAILED TO FIND THAT THE CHILDREN COULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME.**

{¶10} In his sole assignment of error Ronald asserts that the trial court erred in granting permanent custody of the children to MCCSB because it failed to specifically state the finding "the children cannot or should not be placed with Ronald within a reasonable time."

{¶11} When a trial court conducts a hearing on a motion for permanent custody, it must follow certain guidelines set forth in R.C. 2151.414. After a child has been found by the court to be neglected, dependent, or abused, the court may

grant the motion for permanent custody if two determinations are made pursuant to R.C. 2151.414(B)(1). In the instant case, the court had to determine, by clear and convincing evidence, that: 1) it is in the children's best interest to grant MCCSB permanent custody and that the children were not abandoned or orphaned; and that 2) the children cannot be placed with either of their parents within a reasonable time or should not be placed with their parents. Ronald does not dispute the trial court's determination that it is in K.M. and C.M.'s best interest to be placed in the permanent custody of MCCSB. Rather, he contends that the trial court erred because it did not make the second finding by specifically stating that "the children cannot or should not be placed with Ronald within a reasonable time."

{¶12} The July 17, 2009 Judgment Entry states, in pertinent part:

**Following testimony the Court makes the following findings:**

1. **Father has an extensive history of drug use and abuse.**

2. **Father has not complied with the case plan.**

3. **Father was incarcerated for improper sexual contact with a minor and is prohibited from contact with minor children as a condition of parole.**

4. **Father testified that he has never been able to hold a job.**

5. **Father has not visited or seen the children since 2006.**

> **6.** **Father's intentions of having his mother help raise the children is [sic] not a practical solution.**
>
> **The Court concurs with the recommendation of the Guardian Ad Litem.**
>
> **The Court has considered the factors set forth in 2151.414(D) and 2151.414(D)(1). The children have had virtually no contact with the father and have bonded with the foster parents.**
>
> **The Court finds that it is in the best interest of the children to grant permanent custody to Marion County Children's Services.**
>
> **It is therefore ORDERED that the Motion of Marion County Children Services be granted and that permanent custody of [C.M.] and [K.M.] be placed with Marion County Children's Services.**

{¶13} The above findings unquestionably demonstrate the impracticability of Ronald having custody of his children within a reasonable time—especially in light of the fact that as a condition of his probation, Ronald is prohibited from having contact with minor children. These findings can only lead to one logical conclusion that the children cannot be placed with Ronald within a reasonable time. As such, it is our conclusion that trial court's finding in this instance substantially articulates the required statutory determination.

{¶14} Moreover, as this Court has stated previously, "the failure of the trial court to use the statutory language 'the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents' is not a per se violation of the statutory criteria as long as the judgment entry granting

permanent custody supports such conclusion." *In re Curtis*, 2000-Ohio-1725 *4.; see *In re Meyer* (1994) 98 Ohio App.3d 189, 648 N.E.2d 52 (holding that the record supported a finding that the child could not be placed with the parents within a reasonable time despite the lack of an express statement thereof in the judgment entry).

{¶15} Although the issue before us does not question the sufficiency of the evidence upon which the trial court based its determination, we note that the record amply supports the finding that the children cannot be placed with Ronald within a reasonable time. Ronald testified that he had not seen the children since the summer of 2006 and that he has never been able to hold onto a paying job. In addition, Ronald also testified that he did not comply with the case plan which required him to undergo drug and alcohol counseling and a psychological evaluation. He blamed his inability to comply with the plan on an incident at Marion Area Counseling Center in which he reportedly threatened to kill one of the employees because she made a comment concerning his custody of the children. He claimed the incident so enraged him that he refused at the time to comply with the plan. Finally, Ronald's probation officer testified that Ronald was on probation until 2012 for his conviction of having unlawful sexual conduct with a minor. He also testified that as a condition of his probation, Ronald is to have *no* contact with minor children and any supervised contact required prior approval by his probation officer.

**{¶16}** The Judgment Entry excerpted above clearly demonstrates that the trial court determined that Ronald cannot have custody of his children within a reasonable time and this finding is amply supported by the record. Although we uphold the trial court's finding as stated in its Judgment Entry, we stress, as we have done in the past that the better practice would be for the trial court to enter a finding that more closely follows the language provided in the statute. Nevertheless for all the forgoing reasons, Ronald's assignment of error is overruled.

**{¶17}** The judgment of the Marion County Common Please Court, Family Division, is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., and WILLAMOWSKI, J., concur.**

**/jnc**