[Cite as *In re B.P.*, 2017-Ohio-2919.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:

    B.P.,                                       CASE NO. 9-16-57

ADJUDGED ABUSED AND
DEPENDENT CHILD.

                                          O P I N I O N

[ROBIN PENNINGTON-
RIVERS - APPELLANT]

Appeal from Marion County Common Pleas Court
Juvenile Division
Trial Court No. 15 AB 0111

Judgment Affirmed

Date of Decision: May 22, 2017

APPEARANCES:

    *Andrew S. Wick* for Appellant

    *Justin J. Kahle* for Appellee

Case No. 9-16-57

**PRESTON, P.J.**

{¶1} Appellant, Robin Pennington-Rivers ("Robin"), appeals the October 25, 2016 decision of the Marion County Court of Common Pleas, Family Division, granting permanent custody of her minor child, B.P., to the Marion County Children Services Board (the "Agency").[1] For the reasons that follow, we affirm.

{¶2} B.P. is the minor child of Robin and Vernon Pennington ("Vernon"). (Doc. Nos. 1, 2).[2] B.P. was born prematurely on April 22, 2015 and "tested positive for opiates" at birth. (Doc. No. 1). Robin "also tested positive for opiates and marijuana," and Robin admitted that "she had exposed the unborn baby to heroin." (*Id.*). On May 19, 2015, the Agency filed a motion "for ex parte/emergency orders with notice of hearing" alleging that B.P. is an abused, neglected, and dependent child under R.C. 2151.031, 2151.03, and 2151.04. (Doc. Nos. 1, 2). On May 22, 2015, the trial court granted the Agency emergency temporary custody of B.P. (Doc. No. 5).

{¶3} After a shelter-care hearing on June 5, 2015, the trial court on June 10, 2015 granted the Agency temporary custody of B.P. (Doc. No. 10). After a hearing before a magistrate on August 10, 2015, the magistrate ordered on August 28, 2015

---

[1] The Appellant's and Appellee's Briefs identify Robin as "Robin Rivers-Pennington." (*See* Appellant's Brief); (Appellee's Brief).

[2] During the pendency of this case, Vernon "was incarcerated and not expected to be released until August 8, 2016" and Robin "was in and out of incarceration and was * * * released from mandatory 'in patient' treatment at the Worth Center in Lima, Ohio, on October 11, 2016." (Doc. No. 96). (*See also* Doc. No. 75).

that B.P. remain in the temporary custody of the Agency after concluding that B.P. is an abused and dependent child. (Doc. No. 15). The trial court adopted the magistrate's decision as its own on August 28, 2015. (Doc. No. 16). At multiple points since adjudicating B.P. an abused and dependent child and awarding temporary custody of B.P. to the Agency, the trial court reviewed that disposition. (*See* Doc. Nos. 20, 21, 24, 26, 32).

{¶4} On September 18, 2015 and November 2, 2016, the Agency submitted its case plans to the trial court, which the trial court approved and incorporated into its dispositional entries. (Doc. Nos. 17, 98). On November 25, 2015 and June 1, 2016, the Agency submitted its semi-annual administrative reviews, which were acknowledged by the trial court. (Doc. Nos. 31, 81).

{¶5} On August 28, 2015, the Agency filed a motion requesting the trial court to waive the Agency's requirement "to make reasonable efforts to eliminate the continued removal of [B.P], or return him to the care of [Robin] or [Vernon]." (Doc. No. 14). In that motion, the Agency argued that the "reasonable-efforts" requirement could be waived under R.C. 2151.419(A)(2)(e) because Robin's and Vernon's "parental rights were involuntarily terminated" as to their three other children. (*Id.*). After a hearing on May 5, 2016, the trial court on May 13, 2016 granted the Agency's motion. (Doc. Nos. 75, 76).

{¶6} On December 23, 2015, the Agency filed a motion for permanent custody of B.P. (Doc. No. 34).

{¶7} On January 21, 2016, the trial court appointed counsel to represent Robin. (Doc. No. 43).

{¶8} On June 1, 2015, the trial court appointed B.P. a Guardian Ad Litem ("GAL"). (Doc. No. 7). The GAL filed her report on September 28, 2016 recommending that the trial court award permanent custody of B.P. to the agency. (Doc. No. 94).

{¶9} The trial court held a permanent-custody hearing on June 1, 2016, September 26, 2016, and October 12, 2016. (June 1, 2016 Tr. at 1, 12); (Sept. 26, 2016 Tr. at 1, 152); (Oct. 12, 2016 Tr. at 1, 248). On October 25, 2016, the trial court filed its judgment entry granting the Agency permanent custody of B.P. (Doc. No. 96).

{¶10} On November 22, 2016, Robin filed her notice of appeal. (Doc. No. 104).[3] She raises one assignment of error for our review.

## Assignment of Error

**The Trial Court committed plain error when it granted Agency's Motion for Permanent Custody based upon the inaccurate conclusion that the minor child had been in the Agency's custody for 12 of the previous 22 months preceding the date of the hearing on Agency's Motion.**

---

[3] Vernon did not file a notice of appeal. (*See* Appellee's Brief at 1).

{¶11} In her assignment of error, Robin argues that the trial court erred in granting permanent custody of B.P. to the Agency after erroneously concluding that B.P. had been in the Agency's custody for 12 of the previous 22 months preceding the permanent-custody hearing.

{¶12} The right to raise one's child is a basic and essential right. *In re Murray*, 52 Ohio St.3d 155, 157 (1990), citing *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208 (1972) and *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625 (1923). "Parents have a 'fundamental liberty interest' in the care, custody, and management of the child." *Id.*, quoting *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388 (1982). However, the rights and interests of a natural parent are not absolute. *In re Thomas*, 3d Dist. Hancock No. 5-03-08, 2003-Ohio-5885, ¶ 7. These rights may be terminated under appropriate circumstances and when the trial court has met all due process requirements. *In re Leveck*, 3d Dist. Hancock Nos. 5-02-52, 5-02-53, and 5-02-54, 2003-Ohio-1269, ¶ 6.

{¶13} When considering a motion for permanent custody of a child, the trial court must comply with the statutory requirements set forth in R.C. 2151.414. *See In re C.E.*, 3d Dist. Hancock Nos. 5-09-02 and 5-09-03, 2009-Ohio-6027, ¶ 14. R.C. 2151.414(B)(1) establishes a two-part test for courts to apply when determining whether to grant a motion for permanent custody: (1) the trial court must find that one of the circumstances in R.C. 2151.414(B)(1)(a)-(e) apply, and (2) the trial court

must find that permanent custody is in the best interest of the child. *In re S.G.*, 9th Dist. Wayne No. 15AP0005, 2015-Ohio-2306, ¶ 10. *See also In re Brown*, 98 Ohio App.3d 337, 343 (3d Dist.1994). R.C. 2151.414(B)(1) provides, in relevant part, that a trial court

> may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
>
> (a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
>
> * * *
>
> (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *.

R.C. 2151.414(B)(1)(a), (d). "Specifically concerning R.C. 2151.414(B)(1)(a), '[i]f one or more of the factors enumerated in R.C. 2151.414(E) is found to be present by clear and convincing evidence, the trial court shall find that the child cannot be placed with the parents within a reasonable period of time or should not be placed with the parents.'" *In re A.M.*, 3d Dist. Marion No. 9-14-46, 2015-Ohio-2740, ¶ 13, quoting *In re A.F.*, 3d Dist. Marion No. 9-11-27, 2012-Ohio-1137, ¶ 54, citing *In re Goodwin*, 3d Dist. Shelby No. 17-08-12, 2008-Ohio-5399, ¶ 23.

{¶14} If the trial court makes these statutorily required determinations, a reviewing court will not reverse a trial court's decision unless it is not supported by clear and convincing evidence. *In re H.M.K.*, 3d Dist. Wyandot Nos. 16-12-15 and 16-12-16, 2013-Ohio-4317, ¶ 43, citing *In re Meyer*, 98 Ohio App.3d 189, 195 (3d Dist.1994), citing *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985) and *In re Adoption of Lay*, 25 Ohio St.3d 41, 42 (1986). "Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *In re S.G.* at ¶ 10, citing *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶15} Essentially, Robin argues that the trial court committed reversible error by erroneously concluding that B.P. was in the temporary custody of the Agency for 12 or more months of a 22-month period under R.C. 2151.414(B)(1)(d). Although the agency concedes this error, it does not amount to a reversible error.

*See In re M.M.*, 9th Dist. Lorain Nos. 10CA009744, 10CA009745, 10CA009746, and 10CA009747, 2010-Ohio-2278, ¶ 13 ("if a finding of '12 of 22' has been determined on appeal to be erroneous because of faulty calculations, appellate courts * * * have upheld judgments of permanent custody by relying on an alternate finding that the child could not be placed with a parent within a reasonable time or should not be placed with a parent"), citing *In re M.B.*, 7th Dist. Mahoning No. 08 MA 241, 2009-Ohio-2634, ¶ 6-7, *In re G.H.*, 9th Dist. Lorain No. 08CA0009391, 2008-Ohio-4154, ¶ 6-7, and *In re J.L.T.*, 9th Dist. Summit No. 21359, 2003-Ohio-2346, ¶ 32. *See also In re H.D.*, 10th Dist. Franklin No. 13AP-707, 2014-Ohio-228, ¶ 13 ("a trial court does not err in applying both R.C. 2151.414(B)(1)(a) and (d)"), citing *In re T.W.*, 10th Dist. Franklin No. 10AP-897, 2011-Ohio-903, ¶ 52.

{¶16} Indeed, "[t]he factors contained within R.C. 2151.414(B)(1)(a)-(e) are alternative findings, and only one must be met in order for the first prong of the permanent custody test to be satisfied." *In re S.G.* at ¶ 11, citing *In re M.M.* at ¶ 12. *See also In re A.M.* at ¶ 14 ("[T]he findings under R.C. 2151.414(B)(1)(a) and R.C. 2151.414(B)(1)(d) are alternative findings, [and] each is independently sufficient to use as a basis to grant the Agency's motion for permanent custody."), quoting *In re M.R.*, 3d Dist. Defiance No. 4-12-18, 2013-Ohio-1302, ¶ 80. While Robin challenges the trial court's "12 of 22" finding, she makes no argument regarding the trial court's alternative finding that B.P. cannot be placed with Robin or Vernon

within a reasonable time and should not be placed with his parents. *See In re S.G.* at ¶ 11 ("While Father challenges the abandonment finding, he has made no argument regarding the trial court's alternative finding that the child cannot or should not be placed with a parent within a reasonable time based on the demonstration of a lack of commitment toward the child pursuant to R.C. 2151.414(B)(1)(a) and R.C. 2151.414(E)(4)."). *See also In re E.M.*, 9th Dist. Wayne No. 15CA0033, 2015-Ohio-5316, ¶ 12. As such, the first part of the R.C. 2151.414(B)(1) two-part test is satisfied by the alternative finding made by the trial court and left unchallenged by Robin—namely, R.C. 2151.414(B)(1)(a). *See In re S.G.* at ¶ 11; *In re E.M.* at ¶ 12. Because Robin did not challenge that finding or the trial court's best-interest findings, we need not address them. *Id.*; *Id. See also In re L.L.*, 3d Dist. Logan Nos. 8-14-25, 8-14-26, and 8-14-27, 2015-Ohio-2739, ¶ 15. Accordingly, we conclude that the trial court did not err by granting permanent custody of B.P. to the agency.

{¶17} Robin's assignment of error is overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**