OPINION
{¶ 1} Appellant, Charlene G., appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, granting permanent custody of her great-grandchildren, S.E. and J.E., to the Clermont County Department of Job and Family Services ("the agency"). For the reasons set forth below, we affirm the juvenile court's decision.
 {¶ 2} Appellant is the maternal great-grandmother of six-year-old S.E. and four-year-old J.E. Heather E. is the biological mother of the children and Fernando V. is the biological *Page 2 
father of S.E. Paternity of J.E. has not been established. Neither Heather E. nor Fernando V. is a party to the present appeal.
 {¶ 3} In August 2002, shortly after S.E.'s birth, the trial court granted temporary custody of S.E. to appellant and her live-in boyfriend, Joseph M. In July 2004, Heather E. left J.E. in appellant's care as well, though appellant did not have legal custody of J.E. at that time. The children resided with appellant through September 2004, at which time they were adjudicated dependent and subsequently placed in the temporary custody of the agency. Appellant appealed the juvenile court's adjudication and disposition to this court in August 2005. On January 30, 2006, this court affirmed the juvenile court's decision.In re J.E. (Jan. 30, 2006), Clermont App. No. CA2005-06-047 (accelerated calendar judgment entry).
 {¶ 4} Following their removal from appellant's home, the children were placed in three different foster homes before being placed with their current foster family, with whom they have lived since November 2005. During this time, the children's mother failed to make any court-ordered support payments for the children. S.E.'s father also accrued significant arrearages after failing to comply with support orders, and has not made a support payment for S.E. since November 2005. The children's mother last visited the children in October 2004 and has ceased all efforts toward reunification. S. E.'s father has never sought visitation or reunification with S.E.
 {¶ 5} In May 2006, the agency moved for permanent custody of the children. Appellant thereafter filed a motion to intervene in the action, which the juvenile court granted, along with a motion for legal custody of the children. Following a hearing in February 2008, the magistrate granted the agency's motion for permanent custody. The juvenile court upheld the magistrate's decision over appellant's objections in May 2008.
 {¶ 6} Appellant now appeals the juvenile court's permanent custody decision, advancing four assignments of error. *Page 3 
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT [S.E. AND J.E.] WERE DEPENDENT."
 {¶ 9} Assignment of Error No. 3:
 {¶ 10} "THE TRIAL COURT COMMITTED PLAIN ERROR BY ADMITTING EVIDENCE OF THE POLYGRAPH AND THE TESTIMONY OF THE [AGENCY] CASEWORKER CONCERNING THE POLYGRAPH RESULTS."
 {¶ 11} In her first assignment of error, appellant challenges the juvenile court's original dependency adjudication, arguing there was insufficient evidence to support a finding of dependency or that reasonable efforts had been utilized to prevent the children's removal. In her third assignment of error, appellant argues the juvenile court erred during the dependency phase of this case in considering evidence of a polygraph test taken by Joseph M. concerning allegations that he had sexually abused a child.
 {¶ 12} As previously stated, appellant appealed the juvenile court's original dependency and temporary custody decision to this court in August 2005, which this court affirmed in its entirety on January 30, 2006. The issue concerning the juvenile court's consideration of polygraph evidence was specifically raised in such appeal. As the issues appellant raises in her first and third assignments of error either were or could have been raised in her prior appeal, such issues are barred by the doctrine of res judicata. See In re P.T., Summit App. No. 24207,2008-Ohio-4690, ¶ 7; In re Puckett (Sept. 17, 2001), Butler App. No. CA2000-10-203, at 5. Appellant's first and third assignments of error are therefore overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT PERMANENT CUSTODY OF [S.E. AND J.E.] SHOULD BE AWARDED TO *Page 4 
 {¶ 15} Assignment of Error No. 4:
 {¶ 16} "THE TRIAL COURT ERRED BY FINDING THAT, DUE TO THE FACT THE CHILDREN HAVE BECOME BONDED TO THEIR PRESENT CAREGIVERS, THAT PERMANENT CUSTODY IS IN THE CHILDREN'S BEST INTEREST."
 {¶ 17} In her second assignment of error, appellant argues the juvenile court abused its discretion in granting permanent custody to the agency in the following respects: (1) where the agency failed to produce expert testimony as to the mental condition of appellant and Joseph M. and their ability to parent the children; (2) where the court failed to accept appellant and Joseph M. as a suitable potential placement for the children; and (3) where the agency failed to prove it utilized reasonable efforts to prevent the removal of the children.[1]
In her fourth assignment of error, appellant argues the juvenile court erred in finding a grant of permanent custody to the agency was in the children's best interest on the basis that the children are bonded with their current foster family. Because appellant's second and fourth assignments of error are related, we shall address them together.
 {¶ 18} As previously stated, the biological parents of S.E. and J.E. have not appealed the juvenile court's permanent custody determination. Rather, the present appeal involves a challenge by appellant to the juvenile court's finding that it is in the children's best interest to grant permanent custody to the agency, rather than grant appellant's motion for legal custody. Our analysis is tailored to this issue accordingly.
 {¶ 19} Before a juvenile court may terminate parental rights, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody *Page 5 
have been met. In re A.W., Clermont App. Nos. CA2008-03-032, CA2008-04-035, 2008-Ohio-4316, ¶ 19; Santosky v. Kramer (1982),455 U.S. 745, 759, 102 S.Ct. 1388. Pursuant to R.C. 2151.414(B), the juvenile court must first find that a grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors set forth in R.C. 2151.414(D). The court must then find that one of the following applies: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(a), (b), (c) and (d); In reSchaefer, 111 Ohio St.3d 498, 2006-Ohio-5513, ¶ 31-36; In reEbenschweiger, Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 9. It is undisputed in this case that the children had been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period at the time the agency filed its permanent custody motion.
 {¶ 20} R.C. 2151.414(D) provides that in considering the best interest of a child, "the court shall consider all relevant factors, including, but not limited to the following:
 {¶ 21} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 22} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 23} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 24} "(4) The child's need for a legally secure permanent placement and whether *Page 6 
that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 25} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 26} Significantly, a juvenile court is not required to find that a relative is an unsuitable placement option before it may award permanent custody to a children services agency. In re Lewis, Athens App. No. 01CA20, 2001-Ohio-2618 at 9. Similarly, an agency's duty to use reasonable efforts to prevent a child's removal from the home does not include the duty to use reasonable efforts to place a child with relatives. In re Johnston, Ashtabula App. No. 2008-A-0015,2008-Ohio-3603, ¶ 56 citing In re Warren, Stark App. No. 2007CA00054,2007-Ohio-5703, ¶ 23. "Relatives who seek the placement of a child are not afforded the same presumptive rights that a natural parent receives as a matter of law. Rather, the juvenile court is vested with discretion to determine what placement option is in the child's best interest."In re Lewis. (Internal citations omitted.)
 {¶ 27} In this case, the juvenile court, after considering all of the requisite statutory factors, determined it was in the children's best interest to grant permanent custody to the agency. The record supports, and appellant does not dispute, the juvenile court's findings with respect to R.C. 2151.414(D)(2), (3) and (5). Appellant, however, challenges the court's consideration of R.C. 2151.414(D)(1) and (4). In addition, appellant asserts the juvenile court erred in awarding permanent custody to the agency where the agency failed to present expert testimony as to the mental state of appellant and Joseph M. and their ability to parent the children.
 {¶ 28} As an initial matter, we find appellant's contention concerning the state's failure to present expert testimony without merit. Appellant presents no authority in support of her contention that such testimony was required as part of the court's best interest analysis. See In reT.G., 2006-Ohio-5504 at ¶ 35, 36. Moreover, our review of the record yields no *Page 7 
indication that the parties' mental conditions were at issue during the permanent custody proceeding. See, e.g., In re B.G., Cuyahoga App. No. 81982, 2003-Ohio-3256. Accordingly, appellant's argument as to this issue is without merit.
 {¶ 29} With respect to R.C. 2151.414(D)(1), appellant contends the juvenile court erred in considering the children's bond with their foster family as part of its best interest analysis. Despite appellant's contention, however, this section specifically requires the court to consider such relationship, and appellant has presented no authority to support her position that the court erred in this regard. Our review of the record demonstrates that the children are doing well in their current foster home and have bonded significantly with their foster family. Moreover, as the juvenile court found, the record demonstrates that since the children's removal from her home, appellant has had extremely limited contact with the children, visiting with them on only one occasion over the course of three years. After reviewing the record, we find the juvenile court did not err in its consideration of this factor.
 {¶ 30} Appellant also appears to challenge the juvenile court's consideration of R.C. 2151.414(D)(4), concerning the children's need for a legally secure permanent placement. Specifically, appellant contends the court erred in awarding permanent custody to the agency where she was a suitable placement option. As previously stated, however, a juvenile court is not required to find that a relative is an unsuitable placement option before it may award permanent custody to a children services agency. In re Lewis, 2001-Ohio-2618 at 9. Moreover, as properly noted by the juvenile court, the Ohio Supreme Court has made clear that the availability of a placement that would not require a termination of parental rights is not an all-controlling factor. In re Schaeffer,2006-Ohio-5513 at ¶ 64.
 {¶ 31} Here, the juvenile court found, and the record supports, that the children are in need of a legally secure permanent placement, and that the foster parents, who desire to adopt the children, provide the greatest chance for a stable and permanent home. The *Page 8 
record demonstrates that the juvenile court considered appellant as a potential placement for the children, but found it in the children's best interest to grant permanent custody to the agency after a careful consideration of the statutory factors. The court specifically considered appellant's limited contact with the children over the course of three years, the children's bond with their current caregivers, as well as appellant's continued habitation with Joseph M., who was a factor in the children's original removal from appellant's home due to allegations that he had sexually abused a child.
 {¶ 32} Accordingly, we find the juvenile court did not err in granting permanent custody of S.E. and J.E. to the agency, rather than granting appellant's motion for legal custody. Appellant's second and fourth assignments of error are therefore overruled.
 {¶ 33} Judgment affirmed.
WALSH, P.J. and YOUNG, J., concur.
[1] We note that appellant also sets forth a general argument that the juvenile court abused its discretion in granting permanent custody to the agency, with reference to the standard a juvenile court utilizes in making a permanent custody determination. Because appellant has failed to identify any error with respect to this argument, however, we decline to address such argument. See In re T.G., Butler App. Nos. CA2005-10-444, CA2005-12-521, 2006-Ohio-5504, ¶ 35, 36. *Page 1