[Cite as *In re I.H.*, 2016-Ohio-2672.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

IN RE:

I.H.

CASE NO.  1-15-63

ADJUDICATED DEPENDENT CHILD.

O P I N I O N

[KIMBERLY H. - APPELLANT]
[JUSTIN H. - APPELLANT]

Appeal from Allen County Common Pleas Court
Juvenile Division
Trial Court No. 2014 JG 31288

Judgment Affirmed

Date of Decision:   April 25, 2016

APPEARANCES:

   *Michael J. Short* for Appellants

   *Mariah M. Cunningham* for Appellee

**PRESTON, J.**

{¶1} Appellants, Kimberly H. ("Kimberly") and Justin H. ("Justin"), appeal the October 7, 2015 decision of the Allen County Court of Common Pleas, Juvenile Division, granting permanent custody of their minor child, I.H., to the Allen County Children Services Board ("ACCSB"). For the reasons that follow, we affirm.

{¶2} This case stems from a report received by the ACCSB from Nationwide Children's Hospital notifying the ACCSB that the hospital was concerned that Kimberly and Justin are unable to provide appropriate medical care for I.H., who suffers from extensive and life threatening medical conditions. (*See* Doc. No. 2). I.H. suffers from end-stage renal disease after being born with obstructive uropathy blocking his urine flow. Eventually, I.H. will require a kidney transplant. His treatment primarily requires daily dialysis, nutrition through a g-tube in his stomach, and seizure medication.

{¶3} On February 18, 2014, the trial court held a shelter-care hearing, placing I.H. in the shelter care of the ACCSB. (Doc. No. 2). On February 19, 2014, the ACCSB filed a complaint alleging that I.H. was a dependent and neglected child under R.C. 2151.04(C) and 2151.03(A)(3). (Doc. No. 4).

{¶4} The ACCSB filed its case plan on March 20, 2014. (Doc. No. 26). The case plan required Kimberly and Justin to attend all of I.H.'s medical

appointments and to follow I.H.'s medical-provider recommendations; to participate in services offered by Help Me Grow; and to demonstrate an ability to meet all of I.H.'s basic, medical, and safety needs. (*Id.*). In addition, the case plan required Kimberly and Justin to participate in mental-health services, parental-education classes, and to meet with ACCSB caseworkers. (*Id.*).

**{¶5}** After an adjudicatory hearing on April 7, 2014, the magistrate issued a decision recommending that I.H. be adjudicated a dependent child based on the assent of the parties, and the ACCSB withdrew its neglect allegation. (Doc. No. 32). (*See also* Doc. No. 45). On April 21, 2014, after a hearing on April 18, 2014, the magistrate recommended, and the parties agreed, for I.H. to be placed in the temporary custody of the ACCSB. (Doc. No. 37). The ACCSB filed its amended case plan on May 2, 2014. (Doc. No. 41). The amended case plan reflected the parties' agreement for Kimberly and Justin to complete a psychological evaluation. (*Id.*). The trial court adopted the April 7, 2014 and April 18, 2014 magistrate's decisions on May 19, 2014. (Doc. Nos. 45, 46).

**{¶6}** After a review hearing on June 12, 2014, the magistrate issued a decision on June 19, 2014, at the agreement of the parties, that I.H. should remain in the temporary custody of the ACCSB. (Doc. No. 48). The ACCSB filed its amended case plan on July 25, 2014, which required Justin to complete a

domestic-violence inventory. (Doc. No. 49). The trial court adopted the magistrate's decision as its own on July 2, 2014. (Doc. No. 51).

{¶7} On August 8, 2014, the ACCSB filed its semiannual administrative review. (Doc. No. 58). The semiannual administrative review reflects that Kimberly and Justin made some progress toward caring for I.H.'s medical conditions and that Justin completed his domestic-violence inventory. (*Id.*).

{¶8} On September 25, 2014, Justin filed a motion requesting I.H. to be returned to his custody since Justin "complied with all the case plan goals and objectives ordered by [the trial] court." (Doc. No. 59). That same day, Kimberly filed a motion requesting I.H. to be returned to her custody since she "has, and continues to, substantially comply with the case plan goals and objectives ordered by [the trial] court." (Doc. No. 60).

{¶9} On October 3, 2014, I.H's guardian ad litem filed a response in opposition to Kimberly's motion, arguing that Kimberly did not satisfy the criteria necessary for I.H. to be returned to her custody because she "failed the practical application of [her] training[—that is, she]was unable to administer the dialysis to [I.H.] in the controlled environment of the hospital." (Doc. No. 61). On October 7, 2014, I.H.'s guardian ad litem filed a response in opposition to Justin's motion, arguing that, while Justin completed the educational and practical training required of him, Justin "has not satisfied hospital staff that he can properly trouble shoot

issues that are likely to arise while administering dialysis to [I.H.]" because Justin lacks an "ability to critically think about issues relating to the dialysis treatment." (Doc. No. 62).

{¶10} On January 15, 2015, the ACCSB filed a motion requesting that it be granted permanent custody of I.H. (Doc. No. 73). That same day, the ACCSB filed its amended case plan to reflect the ACCSB's motion requesting that it be granted permanent custody of I.H. (Doc. No. 74).

{¶11} The ACCSB filed semiannual administrative reviews on January 23, 2015 and July 6, 2015. (Doc. Nos. 80, 103). The January 23, 2015 semiannual administrative review reflects that Kimberly and Justin made some progress toward caring for I.H.'s medical conditions but that concerns remain regarding their ability to recognize and provide the appropriate care for I.H.'s medical conditions. (Doc. No. 80). The July 6, 2015 semiannual administrative review reflects the same level of progress toward addressing their ability to care for I.H.'s medical conditions and further reflects that "[t]he family and the agency have not been able to identify anyone, kin or professional entity, that is able to reasonably commit to the extent of supervision recommended in the psychological evaluation [because o]utside supervision is needed to be able to intervene when necessary with the medical care for [I.H.]." (Doc. No. 103).

{¶12} I.H.'s guardian ad litem filed reports on April 11 and June 12, 2014 and April 16, 2015. (Doc. Nos. 35, 47, 88).

{¶13} After hearings on July 13, 2015 and September 23, 2015, the trial court ordered that permanent custody of I.H. be granted to the ACCSB. (Doc. No. 120).

{¶14} Kimberly and Justin filed their notices of appeal on October 15, 2015 and October 16, 2015, respectively. (Doc. Nos. 122, 132). They raise two assignments of error,[1] which we discuss together.

**Assignment of Error No. I**

**The trial [sic] erred in not making a finding pursuant to R.C. 2151.414(B)(1).**

**Assignment of Error No. II**

**The trial court's determination that the child could not be placed with the parents was not supported by clear and convincing evidence.**

{¶15} In their first assignment of error, Kimberly and Justin argue that the trial court erred in granting permanent custody of I.H. to the ACCSB without making a finding under R.C. 2151.414(B)(1). In their second assignment of error, Kimberly and Justin argue that the trial court's determination that I.H. could not be placed with Kimberly or Justin within a reasonable time is not supported by clear and convincing evidence.

---

[1] Because it appears that Kimberly's and Justin's interests are aligned, they filed one appellant's brief.

{¶16} The right to raise one's child is a basic and essential right. *In re Murray*, 52 Ohio St.3d 155, 157 (1990), citing *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208 (1972) and *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625 (1923). "Parents have a 'fundamental liberty interest' in the care, custody, and management of the child." *Id.*, quoting *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388 (1982). However, the rights and interests of a natural parent are not absolute. *In re Thomas*, 3d Dist. Hancock No. 5-03-08, 2003-Ohio-5885, ¶ 7. These rights may be terminated under appropriate circumstances and when the trial court has met all due process requirements. *In re Leveck*, 3d Dist. Hancock Nos. 5-02-52, 5-02-53, and 5-02-54, 2003-Ohio-1269, ¶ 6.

{¶17} When considering a motion for permanent custody of a child, the trial court must comply with the statutory requirements set forth in R.C. 2151.414. *See In re C.E.*, 3d Dist. Hancock Nos. 5-09-02 and 5-09-03, 2009-Ohio-6027, ¶ 14. R.C. 2151.414(B)(1) provides, in relevant part, that a trial court

> may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

-7-

> (a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

R.C. 2151.414(B)(1)(a).

{¶18} A trial court commits reversible error if it fails to make one of the determinations required under R.C. 2151.414(B)—namely, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that one of the circumstances listed in R.C. 2151.414(B)(1)(a)-(e) applies. *See In re Brown*, 98 Ohio App.3d 337, 343 (3d Dist.1994). If the trial court makes these statutorily required determinations, a reviewing court will not reverse a trial court's decision unless it is not supported by clear and convincing evidence. *In re H.M.K.*, 3d Dist. Wyandot Nos. 16-12-15 and 16-12-16, 2013-Ohio-4317, ¶ 43, citing *In re Meyer*, 98 Ohio App.3d 189, 195 (3d Dist.1994), citing *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985) and *In re Adoption of Lay*, 25 Ohio St.3d 41, 42 (1986).

{¶19} Essentially, Kimberly and Justin are arguing that the trial court did not satisfy its statutory duty under R.C. 2151.414(B)(1)(a)—namely, that the trial

court did not find that I.H. was not in the temporary custody of the ACCSB for 12 or more months of a 22-month period and that the trial court's conclusion that I.H. cannot be placed with Kimberly or Justin within a reasonable time or should not be placed with Kimberly or Justin is not supported by clear and convincing evidence. The parties do not dispute that the trial court made the appropriate best-interest findings.

{¶20} Kimberly and Justin concede that there is no requirement that a trial court explicitly reference R.C. 2151.414(B)(1) in its permanent-custody decision. (*See* Appellants' Brief at 7). *See also In re Johnson*, 10th Dist. Franklin Nos. 03AP-1264 and 03AP-1265, 2004-Ohio-3886, ¶ 23. However, they contend that this case is distinguishable from *In re Johnson* because, unlike the trial court in that case, the trial court here "made no finding of the time requirements of that section, nor was there a finding that the child was in foster care pursuant to a temporary custody disposition." (Appellants' Brief at 7).

{¶21} The trial court complied with R.C. 2151.414(B)(1)(a)'s requirements. *Compare In re Esparza*, 3d Dist. Marion Nos. 9-06-25 and 9-06-27, 2007-Ohio-113, ¶ 30-33 (although the trial court did not indicate which R.C. 2151.414(B)(1) section it applied in granting permanent custody to the agency, this court concluded that, because the record reflects that the children were not in the temporary custody of the agency for more than 12 months, the trial court applied

R.C. 2151.414(B)(1)(a)); *In re Dyal*, 4th Dist. Hocking No. 01CA12, 2001 WL 925423, *6 (Aug. 9, 2011), fn.3 (concluding that "the judgment entry as a whole reflects that the trial court applied the appropriate statute, R.C. 2151.414" even though the trial court did not explicitly state that permanent custody would serve the child's best interests).  The record clearly and convincingly supports that I.H. was in the temporary custody of the ACCSB for fewer than 12 months of a 22-month period.[2]  Indeed, in its judgment entry granting permanent custody of I.H. to the ACCSB, the trial court stated that it was considering the January 15, 2015 motion for permanent custody filed on behalf of the ACCSB.  (Doc. No. 120 at ¶ 1).  In that judgment entry the trial court noted, "By separate Entry journalized [on May 19, 2014] and also with the agreement of the parents, the Child was placed by way of disposition in the temporary custody of the [ACCSB]."  (*Id.* at ¶ 3).  Later in its entry, the trial court stated, "The Child has resided in the George foster home since removal from the parents in February of 2014," which occurred after I.H. was discharged from the hospital and placed in the shelter care of ACCSB.  (*Id.* at ¶ 3, 22).  Therefore, the trial court complied with its statutory duty under R.C. 2151.414(B)(1)(a).

---

[2] For purposes of R.C. 2151.414(B)(1), this court has held that "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home." *In re Esparza*, 3d Dist. Marion Nos. 9-06-25 and 9-06-27, 2007-Ohio-113, ¶ 25.  I.H. was removed from his home on February 18, 2014, and 60 days after that was April 19, 2014.  I.H. was adjudicated dependent on April 7, 2014 by the magistrate, and the trial court adopted the magistrate's order as its own on May 19, 2014.  All of those dates are well inside 12 months prior to the time the ACCSB filed its motion on January 15, 2015 requesting permanent custody of I.H.

{¶22} Next, Kimberly and Justin argue that the trial court erred in awarding the ACCSB permanent custody of I.H. because the record does not clearly and convincingly support the trial court's finding that I.H. cannot be placed with Kimberly or Justin within a reasonable time. As we noted above, to grant an agency permanent custody of a child under R.C. 2151.414(B)(1)(a), the trial court must conclude that the child cannot be placed with either of his parents within a reasonable time or should not be placed with either of his parents.

{¶23} In determining whether a child cannot be placed with either of his parents within a reasonable time or should not be placed with either of his parents under R.C. 2151.414(B)(1)(a), the trial court must consider the factors enumerated in R.C. 2151.414(E). *In re Schaefer*, 111 Ohio St. 3d 498, 2006-Ohio-5513, ¶ 38; *In re A.F.*, 3d Dist. Marion No. 9-11-27, 2012-Ohio-1137, ¶ 54, citing *In re Goodwin*, 3d Dist. Shelby No. 17-08-12, 2008-Ohio-5339, ¶ 23. "If one or more of the factors enumerated in R.C. 2151.414(E) is found to be present by clear and convincing evidence, the trial court shall find that the child cannot be placed with the parents within a reasonable period of time or should not be placed with the parents." *In re A.F.* at ¶ 54, citing *In re Goodwin* at ¶ 23 and *In re D.M.*, 3d Dist. Hancock Nos. 5-09-12, 5-09-13, 5-09-14, 2009-Ohio-4112, ¶ 33. R.C. 2151.414(E) provides, in relevant part:

In determining * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

R.C. 2151.414(E)(1).

{¶24} The trial court concluded that I.H. cannot be placed with Kimberly or Justin within a reasonable time and should not be placed with either parent under R.C. 2151.414(E)(1). In making that conclusion, the trial court found that Kimberly's and Justin's continuous and repeated failure to substantially remedy the conditions causing I.H. to be placed outside his home is not "the result of a dearth of effort, but instead due to cognitive limitations." (Doc. No. 120 at ¶ 23). More specifically, the trial court found that I.H. cannot be placed with Kimberly or Justin within a reasonable time and should not be placed with either parent because "the medical condition of the Child is so fragile and life-threatening and the parents do not have the cognitive ability to meet his myriad medical needs." (*Id.*).

{¶25} Kimberly and Justin do not dispute the trial court's conclusion regarding their cognitive abilities to care for I.H.'s medical conditions; rather, they argue that the trial court erred in granting the ACCSB permanent custody of I.H. when his paternal grandmother testified that she was willing to move in with Kimberly and Justin to help them care for I.H. In making that argument, they seem to be arguing that the trial court erred in concluding that there is no suitable relative available with whom I.H. could be placed. In particular, they argue that

"[t]he trial court erred in rejecting this less severe alternative to permanent custody." (Appellants' Brief at 8). Kimberly and Justin's argument is misplaced.

**{¶26}** There is no requirement that a trial court find by clear and convincing evidence that a relative is an unsuitable placement option prior to granting permanent custody to an agency. *In re Dylan B.*, 5th Dist. Stark No. 2007-CA-00362, 2008-Ohio-2283, ¶ 67, citing *In re Shaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, at ¶ 65; *In re S.E.*, 12th Dist. Clermont No. CA2008-05-045, 2008-Ohio-5300, ¶ 26, citing *In re Lewis*, 4th Dist. Athens No. 01CA20, 2001-Ohio-2618, *9 (Nov. 7, 2001). Indeed, the statutory duty imposed by R.C. 2151.414(B)(1) does not require a trial court to determine by clear and convincing evidence that the termination of a parent's rights is the only option. *In re Shaefer*, at ¶ 65. Instead, the statute requires the trial court to find the "best option" for the child once a determination is made under to R.C. 2151.414(B)(1). *Id.* "The statute does not make the availability of a placement that would not require a termination of parental rights an all-controlling factor." *Id.*

**{¶27}** Based on our discussion above, the trial court satisfied the requirements of R.C. 2151.414(B)(1)(a). *See id.* at ¶ 47. Therefore, the trial court did not err in awarding permanent custody of I.H. to the ACCSB.

**{¶28}** Kimberly and Justin's assignments of error are overruled.

{¶29} Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**