[Cite as *In re Y.W.*, 2017-Ohio-4218.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

IN RE:

**Y.W.,**

                                        **CASE NO. 1-16-60**

**ALLEGED DEPENDENT CHILD.**

                                        **O P I N I O N**

**[YANICA WRIGHT - APPELLANT]**

---

**Appeal from Allen County Common Pleas Court**
**Juvenile Division**
**Trial Court No. 2016 JG 33775**

**Judgment Affirmed**

**Date of Decision:   June 12, 2017**

---

**APPEARANCES:**

    *Angela M. Elliott* **for Appellant**

    *Mariah M. Cunningham* **for Appellee**

**PRESTON, P.J.**

{¶1} Appellant, Yanica Wright ("Yanica"), appeals the November 30, 2016 decision of the Allen County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor child, Y.W., to the Allen County Children Services Board (the "Agency"). For the reasons that follow, we affirm.

{¶2} Y.W., born in April 2015, is the minor child of Yanica and Derek Jones.[1] (Doc. No. 3). On July 26, 2016, the Agency notified the trial court that it intended to file a complaint on July 27, 2016 alleging that Y.W. is an abused, neglected, or dependent child. (Doc. No. 1).[2] That same day, the trial court held a shelter-care hearing and granted the Agency temporary custody of Y.W. (Doc. No. 22). On July 27, 2016, the Agency filed a complaint alleging that Y.W. is a dependent child under R.C. 2151.04(D). (Doc. No. 4). In its complaint, the Agency requested that the trial court award it permanent custody of Y.W. under R.C. 2151.414(E)(6) and (11). (*Id.*).

{¶3} On August 15, 2016, the Agency filed a motion requesting the trial court to waive the Agency's requirement to make reasonable efforts to return Y.W. to

---

[1] Although Yanica identified "Derek Jones" as Y.W.'s father, she is unsure of the spelling of his name or his whereabouts. (Doc. No. 3). Y.W.'s father did not appear in this case.

[2] According to the Agency, "Y.W. was removed from the custody of [Yanica on May 2, 2016] through an ex-parte order issued by [the trial court] and subsequently placed in the Shelter Care of the [Agency]." (Appellee's Brief at 6). "Prior to the adjudicatory hearing in that case, [Yanica] gave birth to her eighth child." (*Id.*). As such, the Agency "dismissed the case that began with the Ex-Parte Order being issued on May 2, 2016 in order to begin a new case regarding Y.W. at the same time that the case began in the trial court involving [Yanica's] eighth child." (*Id.*).

Yanica. (Doc. No. 20). In that motion, the Agency argued that the reasonable-efforts requirement could be waived under R.C. 2151.419(A)(2)(e) because Yanica's parental rights were involuntarily terminated as to her other six children.[3] (*Id.*). After a hearing on September 28, 2016, the trial court on October 5, 2016 concluded that Y.W. is a dependent child and granted the Agency's reasonable-efforts motion. (Doc. No. 32).

{¶4} On August 24, 2016, the Agency submitted its case plan to the trial court. (Doc. No. 25).

{¶5} On August 1, 2016, the trial court appointed Y.W. a Guardian Ad Litem ("GAL"). (Doc. No. 30). The GAL filed her report on September 22, 2016 recommending that Y.W. remain in the temporary custody of the Agency. (*Id.*). The GAL filed a "Modification/Change Status Report" on November 2, 2016 recommending that the trial court grant the Agency permanent custody of Y.W. (Doc. No. 37).

{¶6} After a permanent-custody hearing on November 9, 2016, the trial court on November 30, 2016 granted the Agency permanent custody of Y.W. (Doc. No. 47).

{¶7} On December 23, 2016, Yanica filed her notice of appeal. (Doc. No. 48). She raises one assignment of error for our review.

---

[3] Yanica's eighth child, born after Y.W., "is currently in the temporary custody of the [Agency] by agreement of the parties as to that case." (Appellee's Brief at 6).

**Assignment of Error**

**The Trial Court Erred In Terminating Mother's Parental Rights.**

{¶8} In her assignment of error, Yanica argues that the trial court erred in granting permanent custody of Y.W. to the Agency after erroneously concluding that R.C. 2151.414(E)(11) mandates a finding of permanent custody. She further argues that the trial court "erroneously found that a finding of permanent custody was mandated and necessary based solely on past rather than present conditions." (Appellant's Brief at 16). In other words, Yanica argues that the trial court erred in granting permanent custody of Y.W. to the Agency simply because her parental rights were previously terminated as to her other children in 2010. We disagree.

{¶9} The right to raise one's child is a basic and essential right. *In re Murray*, 52 Ohio St.3d 155, 157 (1990), citing *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208 (1972) and *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625 (1923). "Parents have a 'fundamental liberty interest' in the care, custody, and management of the child." *Id.*, quoting *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388 (1982). However, the rights and interests of a natural parent are not absolute. *In re Thomas*, 3d Dist. Hancock No. 5-03-08, 2003-Ohio-5885, ¶ 7. These rights may be terminated under appropriate circumstances and when the trial court has met all due process requirements. *In re Leveck*, 3d Dist. Hancock Nos. 5-02-52, 5-02-53, and 5-02-54, 2003-Ohio-1269, ¶ 6.

{¶10} When considering a motion for permanent custody of a child, the trial court must comply with the statutory requirements set forth in R.C. 2151.414. *See In re C.E.*, 3d Dist. Hancock Nos. 5-09-02 and 5-09-03, 2009-Ohio-6027, ¶ 14. R.C. 2151.414(B)(1) establishes a two-part test for courts to apply when determining whether to grant a motion for permanent custody: (1) the trial court must find that one of the circumstances in R.C. 2151.414(B)(1)(a)-(e) applies, and (2) the trial court must find that permanent custody is in the best interest of the child. *In re S.G.*, 9th Dist. Wayne No. 15AP0005, 2015-Ohio-2306, ¶ 10. *See also In re Brown*, 98 Ohio App.3d 337, 343 (3d Dist.1994). R.C. 2151.414(B)(1) provides, in relevant part, that a trial court

> may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
>
> (a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * * and the child cannot be

placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

R.C. 2151.414(B)(1)(a). "Specifically concerning R.C. 2151.414(B)(1)(a), '[i]f one or more of the factors enumerated in R.C. 2151.414(E) is found to be present by clear and convincing evidence, the trial court shall find that the child cannot be placed with the parents within a reasonable period of time or should not be placed with the parents.'" *In re A.M.*, 3d Dist. Marion No. 9-14-46, 2015-Ohio-2740, ¶ 13, quoting *In re A.F.*, 3d Dist. Marion No. 9-11-27, 2012-Ohio-1137, ¶ 54, citing *In re Goodwin*, 3d Dist. Shelby No. 17-08-12, 2008-Ohio-5399, ¶ 23.

{¶11} "If the trial court determines that *any* provision enumerated in R.C. 2151.414(B)(1) applies, the trial court must determine, by clear and convincing evidence, whether granting the agency permanent custody of the child is in the child's best interest." (Emphasis sic.) *In re A.F.* at ¶ 55, citing *In re D.M.*, 3d Dist. Hancock Nos. 5-09-12, 5-09-13, and 5-09-14, 2009-Ohio-4112, ¶ 33 and *In re K.H.*, 3d Dist. Hancock No. 5-10-06, 2010-Ohio-3801, ¶ 30. "In determining whether granting the agency permanent custody is in the best interest of the child, R.C. 2151.414(D)(1) provides:

[T]he court shall consider all relevant factors, including, but not limited to, the following:

(a)   The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b)   The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c)   The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

(d)   The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e)   Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

R.C. 2151.414(D)(1)(a)-(e).

{¶12} "Clear and convincing evidence is more than a preponderance of the evidence but not as much evidence as required to establish guilt beyond a reasonable doubt as in a criminal case; rather, it is evidence which provides the trier of fact with

a firm belief or conviction as to the facts sought to be established." *In re H.M.K.*, 3d Dist. Wyandot Nos. 16-12-15 and 16-12-16, 2013-Ohio-4317, ¶ 42, citing *In re Meyer*, 98 Ohio App.3d 189, 195 (3d Dist.1994), citing *Cincinnati Bar Assn. v. Massengale*, 58 Ohio St.3d 121, 122 (1991). "Upon review, an appellate court 'must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof.'" *Id.* at ¶ 43, quoting *In re Meyer* at 195, citing *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985). "A reviewing court will not reverse a trial court's determination unless it is not supported by clear and convincing evidence." *Id.*, citing *In re Meyer* at 195, citing *In re Adoption of Holcomb* at 368 and *In re Adoption of Lay*, 25 Ohio St.3d 41, 42 (1986). *See also In re A.E.*, 3d Dist. Seneca Nos. 13-14-14 and 13-14-15, 2014-Ohio-4540, ¶ 28 ("A court's decision to terminate parental rights will not be overturned as against the manifest weight of the evidence if the record contains competent, credible evidence by which a court can determine by clear and convincing evidence that the essential statutory elements for a termination of parental rights have been established."), citing *In re B.G.W.*, 10th Dist. Franklin No. 08AP-081, 2008-Ohio-3693 and *In re Nevaeh J.*, 6th Dist. Lucas No. L-06-1093, 2006-Ohio-6628, ¶ 17.

{¶13} Yanika challenges only the trial court's reliance on R.C. 2151.414(E)(11) to grant permanent custody of Y.W. to the Agency. Under the permanent-custody-statutory framework, the trial court may consider R.C.

2151.414(E)(11) when determining whether a child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents *and* when making its best-interest determination. *See* R.C. 2151.414(B)(1); R.C. 2151.414(D)(1)(e); *In re A.F.*, 2012-Ohio-1137, at ¶ 54, citing *In re Goodwin*, 2008-Ohio-5399, at ¶ 23.[4]

> **{¶14}** R.C. 2151.414(E)(11) provides:
>
> The parent has had parental rights involuntarily terminated with respect to a sibling of the child pursuant to this section or section 2151.353 or 2151.415 of the Revised Code, or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to those sections, and the parent has failed to provide clear and convincing evidence to prove that, notwithstanding the prior termination, the parent can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of the child.

Under R.C. 2151.414(E)(11), "the burden is on the parent to provide clear and convincing evidence to prove that he or she can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of the child." *In re*

---

[4] It is not disputed that Y.W. was not in the Agency's temporary custody for twelve or more months of a consecutive twenty-two month period. R.C. 2151.414(B)(1)(a). (*See* Appellant's Brief at 4-5).

*J.H.*, 8th Dist. Cuyahoga No. 105055, 2017-Ohio-940, ¶ 22, citing *In re E.A.*, 9th Dist. Medina No. 12CA0059-M, 2012-Ohio-5925, ¶ 14.

**{¶15}** Notwithstanding Yanica's argument on appeal, the evidence in the record demonstrates the trial court did not automatically terminate Yanica's parental rights as to Y.W. because her parental rights were previously terminated as to her other children *or* grant the Agency permanent custody of Y.W. without considering whether Yanica met her statutorily required burden of proof. *Compare In re E.F.*, 4th Dist. Athens No. 16CA22, 2017-Ohio-133, ¶ 20. As an initial matter, we note that the trial court did not rely only on R.C. 2151.414(E)(11) in granting permanent custody of Y.W. to the Agency. In determining whether Y.W. cannot be placed with Yanica within a reasonable time or should not be placed Yanica, the trial court concluded that an independent ground under R.C. 2151.414(E)(6)—Yanica "was convicted of domestic violence involving another of her children, a sibling of [Y.W.], in 2010"—applied, which is unchallenged by Yanica. (*See* Nov. 9, 2016 Tr., at 41-42, 57-58). As such, because the record clearly and convincingly supports that alternative finding under the first prong of the permanent-custody test, and Yanica did not challenge that finding, the trial court did not err in concluding that Y.W. cannot be placed with Yanica within a reasonable time and should not be placed with Yanica. *See In re E.M.*, 9th Dist. Wayne No. 15CA0033, 2015-Ohio-5316, ¶ 12.

{¶16} Moreover, even absent that alternative finding, the trial court appropriately considered whether R.C. 2151.414(E)(11) applied. Because Yanica did not dispute that her parental rights were involuntarily terminated as to her other children in 2010, the trial court considered whether Yanica met her statutorily required burden of proof. (*See* Nov. 9, 2016 Tr. at 37-39); (Doc. No. 47). The trial court concluded that Yanica did not provide clear and convincing evidence that, notwithstanding the prior termination, she can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of Y.W. Although the trial court commended Yanica for "acknowledging the issues that have led to the earlier termination of her parental rights and for now attempting to appropriately address those concerns," the trial court concluded that was not enough to satisfy Yanica's burden of proving that she can provide an adequate and permanent home for Y.W. (Doc. No. 47). Indeed, the trial court found that "[a]lthough she attended parenting classes as required under her earlier case plans, the caseworker testified that she had never been able to consistently apply what she had learned to her own children." (*Id.*); (Oct. 19, 2016 Tr. at 11, 22). The trial court acknowledged the testimony of the Agency's caseworkers that Yanica's interaction with Y.W. during supervised visits diminished after "the first hour." (Doc. No. 47); (Oct. 19, 2016 Tr. at 17); (Nov. 9, 2016 Tr. at 33-35). Further, the trial court found that "it does not appear that [Yanica] seriously sought treatment for her mental health issues until

the [Agency] again came into her life in July of 2016. At that point, the treatment was to address depression and anxiety disorder, not to address the concerns which led to the removal of her children." (*Id.*); (*Id.* at 21-22); (*Id.* at 12-20). Regarding Y.W., the trial court found that "she was not achieving her expected developmental targets regarding her gross motor skills" when the Agency "became involved" with Y.W. but "[a]fter just six weeks in the foster home, she had reached those developmental targets." (Doc. No. 47); (Oct. 19, 2016 Tr. at 16-17). The trial court also found that "[t]he nature and the source of [Yanica's] income is not clear" because "[n]either she nor her boyfriend are currently employed." (*Id.*); (*Id.* at 20); (Nov. 9, 2016 Tr. at 27-29, 46-47). For those reasons, the record supports the trial court's conclusion that Yanica did not prove by clear and convincing evidence that she can provide an adequate and permanent home for Y.W. Accordingly, in addition to R.C. 2151.414(E)(6), the trial court did not err in concluding that R.C. 2151.414(E)(11) applied to conclude that Y.W. cannot be placed with Yanica within a reasonable time and should not be placed with Yanica.

{¶17} Turning to the best-interest determination, while the trial court considered the application of R.C. 2151.414(E)(11) under R.C. 2151.414(D)(1)(e), the trial court considered other relevant best-interest factors. Indeed, regarding R.C. 2151.414(D)(1)(a), Y.W. has a "good" relationship with her foster parents and "is well-adjusted in their home and has bonded with both the foster parents and her six

siblings (all children of [Yanica]) who have also been placed in that home." (Doc. No. 47); (Oct. 19, 2016 Tr. at 12). Y.W.'s foster parents expressed interest in adopting her. (Oct. 19, 2016 Tr. at 12). Regarding R.C. 2151.414(D)(1)(b), the trial court concluded that Y.W. "is too young to express her wishes, but her Court Appointed Special Advocate recommends placement of [Y.W.] in the permanent custody of the [Agency]." (Doc. Nos. 37, 47). Regarding R.C. 2151.414(D)(1)(c), Y.W. "spent the first 15 months of her life in the custody of [Yanica] and has now been in the care of the [Agency] for approximately 4 months." (Doc. No. 47). Regarding R.C. 2151.414(D)(1)(d), the trial court concluded that Y.W. "is in need of a legally secure permanent placement which can be achieved by an award of permanent custody to the [Agency]." (*Id.*). Neither Y.W.'s father nor any other relative came forward expressing "that they could provide [a] legally secure permanent placement for [Y.W.]" (Oct. 19, 2016 Tr. at 11). Regarding R.C. 2151.414(D)(1)(e), the trial court found R.C. 2151.414(E)(11) applied. (Doc. No. 47). As we addressed above, Yanica did not dispute that her parental rights were involuntarily terminated as to her other children and there is clear and convincing evidence supporting the trial court's conclusion that Yanica did not satisfy her burden of proving that, notwithstanding the prior termination, she can provide an adequate and permanent home for Y.W. Finally, although it is not an enumerated factor under R.C. 2151.414(D)(1), because that statute commands the trial court to

consider *all* relevant factors, the trial court also considered Yanica's prior domestic-violence conviction in its best-interest analysis. (Doc. No. 47). (*See* Nov. 9, 2016 Tr., at 41-42, 57-58). Because the record supports those findings, the trial court did not err in concluding that granting permanent custody of Y.W. to the Agency is in Y.W.'s best interest.

{¶18} For these reasons, we conclude that clear and convincing evidence supports the trial court's determinations under R.C. 2151.414 that it was required to make and did make in granting the Agency's motion for permanent custody. Therefore, the trial court did not err in granting the Agency's motion for permanent custody.

{¶19} Yanica's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**