[Cite as *In re N.R.S.*, 2018-Ohio-125.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

IN RE:

    N.R.S.,

    CASE NO. 3-17-07

ADJUDGED ABUSED CHILD.

    O P I N I O N

[JAMES STEVEY - APPELLANT]

---

IN RE:

    J.N.S.,

    CASE NO. 3-17-08

ADJUDGED DEPENDENT CHILD.

    O P I N I O N

[JAMES STEVEY - APPELLANT]

---

IN RE:

    K.H.S.,

    CASE NO. 3-17-09

ADJUDGED DEPENDENT CHILD.

    O P I N I O N

[JAMES STEVEY - APPELLANT]

---

**Appeals from Crawford County Common Pleas Court
Juvenile Division
Trial Court Nos. 2175051, 2175049 and 2155125**

**Judgments Affirmed**

**Date of Decision: January 16, 2018**

Case Nos. 3-17-07, 3-17-08, 3-17-09

**APPEARANCES:**

*Brian N. Gernert* **for Appellant, James Stevey**

*Michael J. Wiener* **for Appellee**

**ZIMMERMAN, J.**

{¶1} This is an appeal from the August 11, 2017 judgment entry of the Crawford County Court of Common Pleas, Juvenile Division, awarding permanent custody of N.R.S., J.N.S. and K.H.S., all minor children, to Crawford County Children Services ("CCCS"). Appellant, James Stevey ("James"), natural father of all three children, appeals.

*Facts and Procedural History*

{¶2} On September 8, 2015, CCCS filed three (3) separate complaints for abuse and/or dependency in the trial court, requesting the temporary custody of N.R.S., J.N.S. and K.H.S. The complaint alleged abuse in N.R.S.'s case, alleging her to be the victim of sexual abuse. The complaints regarding J.N.S. and K.H.S. alleged them to be dependent children. (Doc. 1). Upon the filing of the complaints, the trial court conducted a shelter care hearing and placed all three children into the temporary custody of CCCS. At the time of the hearing, the children had been in the legal custody of their paternal grandparents.[1]

---

[1] A review of the record shows that the paternal grandparents were awarded legal custody of N.R.S., J.N.S. and K.H.S. in February, 2014 through the Belmont County Juvenile Court. (Tr. 42).

{¶3} On October 1, 2015, an adjudicatory hearing was conducted in the trial court. At the hearing, James stipulated that N.R.S. was an abused child and that J.N.S. and K.H.S. were dependent children. Thus, the trial court adjudicated the children as such.[2] The parties agreed to proceed to disposition immediately following the adjudicatory hearing.[3] At the dispositional hearing, the trial court awarded temporary custody of N.R.S., J.N.S. and K.H.S. to CCCS, terminated the paternal grandparents grant of legal custody and dismissed them as parties. (Docs. 26, 27). The children were then placed into a foster home by CCCS.

{¶4} On September 2, 2016, CCCS filed a motion to modify the dispositional orders by requesting that temporary custody of N.R.S., J.N.S. and K.H.S. be placed with their paternal aunt. (Doc. 43). All parties agreed to the placement and, in its September 6, 2016 judgment entry, the trial court terminated its temporary custody to CCCS and awarded temporary custody of the children to their paternal aunt with protective supervision to CCCS. (Doc. 44).

{¶5} Thereafter, on November 14, 2016, CCCS filed a motion in the trial court to place N.R.S., J.N.S. and K.H.S. into the legal custody of their paternal aunt and to close its case. CCCS's motion was set for hearing on December 14, 2016. However, at the hearing CCCS withdrew the motion and requested that the

---

[2] The record reflects that the children's mother was served with proper notice of the adjudicatory hearing but failed to appear. As James is the parent bringing this appeal, we will proceed by analyzing this appeal as it relates to James only.

[3] The father waived the statutory 24 hour waiting period as set forth in R.C. 2151.35.

temporary custody order (to the paternal aunt with protective supervision to CCCS) continue. In its judgment entry of January 11, 2017, the trial court extended the temporary custody order until April 1, 2017. (Doc. 51).

{¶6} Thereafter, on January 26, 2017, CCCS filed another motion for modification, this time requesting the trial court to terminate the paternal aunt as the temporary custodian of N.R.S., J.N.S. and K.H.S. In its motion, CCCS requested that temporary custody of N.R.S., J.N.S. and K.H.S. be returned to the agency due to the inability of the paternal aunt to provide adequate care for the children. (Doc. 52). The trial court granted CCCS's request on March 6, 2017. (Doc. 54).

{¶7} On March 28, 2017, CCCS filed its motion for the permanent custody of N.R.S., J.N.S. and K.H.S. pursuant to R.C. 2151.414 and the case was set for a permanent custody hearing to commence May 18, 2017. However, due to the failure of service upon James, the hearing was rescheduled by the trial court. Ultimately, service upon James was perfected on May 16, 2017.

{¶8} On August 10, 2017, a permanent custody hearing occurred in the trial court and on August 11, 2017, the trial court issued its judgment entry granting the permanent custody of N.R.S., J.N.S. and K.H.S. to CCCS. Although she was served with notice of the permanent custody hearing, Rhonda Stevey, the mother of the children, did not attend. Furthermore, due to his incarceration, James did not attend the hearing. However, his attorney was present on his behalf.

-4-

{¶9} James appeals the entry of permanent custody, raising the following assignments of error for our review.

**ASSIGNMENT OF ERROR NO. I**

**CRAWFORD COUNTY DEPARMTNET (sic) OF JOB AND FAMILY SERVICES DID NOT ACT IN GOOD FAITH/MAKE A GOOD FAITH EFFORT TO REUNIFY PARENT AND CHILD/PREVENT THE TERMINATION OF THE PARENT CHILD RELATIONSHIP.**

**ASSIGNMENT OF ERROR NO. II**

**CLEAR AND CONVINCING EVIDENCE DID NOT EXIST TO JUSTIFY A FINDING THAT IT WAS IN THE BEST INTERESTS OF THE MINOR CHILDREN TO TERMINATE PARENTAL RIGHTS AND AWARD PERMANENT CUSTODY OF THE MINOR CHILDREN TO CRAWFORD COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES.**

{¶10} For ease of discussion, we elect to address the assignments of error out of the order in which they appear, addressing the second assignment of error first.

*Second Assignment of Error*

{¶11} In his second assignment of error, James argues that clear and convincing evidence did not exist to justify a best interest finding by the trial court in terminating his parental rights.

*Standard of Review*

{¶12} R.C. 2151.414 outlines the procedures that protect the interests of parents and children in a permanent custody proceeding. *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, ¶26. Revised Code Section 2151.414 requires that a juvenile

-5-

court must find clear and convincing evidence under two prongs of the permanent custody test before a court may terminate parental rights and award permanent custody of a child to a proper moving agency. *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, ¶9 (2004).

### *First Prong / R.C. 2151.414(B)(1)*

{¶13} The first prong of a test for permanent custody requires a finding by the trial court, by clear and convincing evidence, that one of the following conditions under R.C. 2151.414(B)(1) exists:

    (a)    The child * * * cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

    (b)    The child is abandoned.

    (c)    The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

    (d)    The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *.

    (e)    The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

R.C. 2151.414(B)(1).

***Second Prong / R.C. 2151.414(D)(1)***
***Best Interest of Child***

**{¶14}** "If the trial court determines that any provision enumerated in R.C. 2151.414(B)(1) applies," it must proceed to the second prong of the test, which requires the trial court to "determine, by clear and convincing evidence, whether granting the agency permanent custody of the child is in the child's best interest." *In re K.M.S.*, 3d Dist. Marion No. 9-15-37, 9-15-38, 9-15-39, 2017-Ohio-142. quoting *In re A.F.*, 3d Dist. Marion No. 9-11-27, 2012-Ohio-1137, ¶55; *see* R.C. 2151.414(B)(1).  Best interest determinations are based on an examination of R.C. 2151.414(D).

**{¶15}** To make a best interest determination, the trial court is required to consider all relevant factors listed in R.C. 2151.414(D), as well as any other relevant factors. *In re Y.W.*, 3d Dist. Allen No. 1-16-60, 2017-Ohio-4218, ¶11.  The factors listed in R.C. 2151.414(D)(1) consist of:

> (a)  The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> (b)  The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
>
> (c)  The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or

more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d)   The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e)   Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

R.C. 2151.414(D)(1).

{¶16} Under this test, the trial court considers the totality of the circumstances when making its best interest determinations. No single factor is given more weight than others. *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, ¶56 (2006). Further, all of the trial court's findings must be supported by clear and convincing evidence and will not be overturned as against the manifest weight of the evidence if the record contains competent, credible evidence by which the court could have formed a firm belief or conviction that the statutory elements for a termination of parental rights have been established. *In re Miajanigue W.*, 6th Dist. Lucas No. L-06-1088, 2006-Ohio-6295, ¶38, citing *In re Forest S.*, 102 Ohio App.3d 338, 344-345, *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus.

{¶17} "Clear and convincing evidence" is: "[T]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sough to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re K.M.S.*, supra, quoting *In re Estate of Haynes*, 25 Ohio St.3d 101, 104 (1986).

*Analysis*

{¶18} As noted above, the trial court was required to find just one of the factors under R.C. 2151.414(B)(1)(a)-(e) in order to satisfy the first prong of the permanent custody test. In our review of the record, we find the trial court fulfilled its duty, under R.C. 2151.414(B)(1)(a), by finding that N.R.S., J.N.S. and K.H.S. could not be placed with either parent within a reasonable time or should not be placed with either parent. The record reveals that the case plan filed by CCCS in regards to James contained the following requirements: James was to complete a substance abuse evaluation; maintain six negative drug screens, complete a mental health assessment, complete family counseling, and complete parenting classes. However, the record reflects that even though James was given sufficient time to complete these requirements, he was not successful in doing so. James was not able to maintain negative drug screens; James did have contact with N.R.S., J.N.S. and

K.H.S. while they were in the temporary custody of CCCS; and James was arrested, convicted and imprisoned in West Virginia for operating a meth lab.

**{¶19}** As stated in its August 11, 2017 judgment entry, the trial court found that N.R.S., J.N.S. and K.H.S. were unable to be returned to James within a reasonable period of time and that it was in the best interest of the children for a grant of permanent custody to be awarded to CCCS. We confirm that competent and credible evidence exists (regarding the factors set forth in R.C. 2151.414(D)) to support the trial court's conclusion, by clear and convincing evidence, that it would be in the best interest of the children to terminate the parental rights of James.

**{¶20}** The determination as to whether to terminate parental rights is left to the discretion of the trial court. *In re H.M.*, 3d Dist. Logan Nos. 8-13-11, 8-13-12, 8-13-13, 2014-Ohio-755. If there is competent, credible evidence to support the judgment by clear and convincing evidence, the appellate court shall affirm the judgment of the trial court. *Id*. The evidence in this case shows that the trial court's judgment is clearly and convincingly supported by competent and credible evidence. Thus, James' assignment of error is overruled.

*First Assignment of Error*

**{¶21}** In his first assignment of error, James argues that the trial court erred in finding CCCS made a good faith effort to reunify him with his children. Since the Ohio Revised Code does not require a children services agency to make a "good

faith" effort to reunify children with their parents, we will interpret James' "good faith" argument as a "reasonable efforts" argument. Specifically, James argues that CCCS deliberately ignored "ample alternatives"[4] to permanent custody, and therefore hindered the reunification of his children with him. We disagree.

{¶22} Revised Code 2151.414(E) sets forth the factors a juvenile court must consider in determining if "a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents". The juvenile court need only find the existence of one of the enumerated factors. *In re D.C.*, 12th Dist. Fayette No. CA2015-03-006, 2015-Ohio-3178, ¶31. "If the trial court finds one of the factors present by clear and convincing evidence, the trial court must make a finding that the child cannot be placed with the parent(s)." *In re K.R.*, 11th Dist. Trumbull No. 2015-T-0008, 2015-Ohio-2819, ¶13.

{¶23} In the case *sub judice*, the trial court made findings under R.C. 2151.414(E)(1) and (4) indicating that N.R.S., J.N.S. and K.H.S. could not be placed with either parent within a reasonable period of time or should not be placed with them. R.C. 2151.414(E), in its pertinent parts, states:

> **E)  In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or**

---

[4] Appellant's "ample alternatives" argument consists of the failed placements of the children with the paternal grandparents and the paternal aunt. Because the trial court removed the children from the legal custody of the paternal grandparents and attempted to place the children with the aunt *prior* to CCCS filing for permanent custody, we only need to discuss the factors set forth under R.C. 2151.414(E) under this argument.

**should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A) (4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:**

    **(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.**

    **(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;**

**{¶24}** The Ohio Supreme Court has determined that the broad purpose of Ohio's child-welfare law is "to care for and protect children, 'whenever possible, in a family environment, separating the child from the child's parents only when necessary for the child's welfare or in the interests of public safety.'" *In re C.F.*,

-12-

113 Ohio St.3d 73, 2007-Ohio-1104, at ¶29, quoting R.C. 2151.01(A). Essentially, when the state intervenes in a parent-child relationship, it has a duty to rehabilitate the family through a sufficient plan of reunification.

**{¶25}** Nevertheless, the Ohio Supreme Court has also determined that the trial court is not obligated, under R.C. 2151.419, to make a determination that the agency used reasonable efforts to reunify the family at the time of the permanent custody hearing *unless* the agency has not established that reasonable efforts have been made prior to the hearing. *Id*. at ¶¶41, 43. Accordingly, the trial court is only obligated to make a determination that the agency has made reasonable efforts to reunify the family at "adjudicatory, emergency, detention, and temporary disposition hearings, and dispositional hearings for abused, neglected, or dependent children, all of which occur prior to a decision transferring permanent custody to the state". *Id.* at ¶41. Furthermore, "[t]he statute makes no reference to a hearing on a motion for permanent custody. Therefore, '[b]y its plain terms, the statute does not apply to motions for permanent custody * * * pursuant to R.C. 2151.414'". *Id.*, at ¶41, quoting *In re A.C.*, 12th Dist. Clermont No. CA2004-05-041, 2004-Ohio-5531, ¶30.

**{¶26}** In the case *sub judice*, the trial court, in its adjudicatory/dispositional entry of October 15, 2015, found that CCCS had made reasonable efforts to reunify the family. (Doc. 26). Therefore, because the trial court made a "reasonable efforts"

determination prior to its hearing on permanent custody, it was not required to make such finding in its permanent custody entry.

{¶27} Nonetheless, in our review of the record we find that the trial court did not commit error by finding that CCCS made reasonable efforts to reunify the children with James revealing that CCCS: extended the time frame for James to have negative drug screens; scheduled visitation with James and the children after he moved to West Virginia; provided transportation for the children; and pursued legal custody with the children's paternal aunt. As such, even though the trial court was not required to make such finding, we find that reasonable efforts were made by CCCS to reunify the children in this matter. Therefore, James' first assignment of error is overruled.

{¶28} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Crawford County Common Pleas Court, Juvenile Division is hereby affirmed.

*Judgments Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**