[Cite as *In re A.N.*, 2020-Ohio-3322.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:

     A.N.,

**[DONALD NAPPER - APPELLANT]**
**[LACEY HARTMAN - APPELLANT]**

CASE NO. 9-19-79

**O P I N I O N**

**Appeal from Marion County Common Pleas Court**
**Family Division**
**Trial Court No. 18-AB-0090**

**Judgment Reversed**

**Date of Decision:  June 15, 2020**

**APPEARANCES:**

     *Emily P. Beckley* **for Appellant, Donald Napper**

     *Justin Kahle* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Appellants Donald Napper ("Napper") and Lacey Hartman ("Hartman") bring this appeal from the judgment of the Marion County Common Pleas Court, Family Division granting the motion for permanent custody filed by Appellee Marion County Children's Services Board ("the Agency"). On appeal, Napper claims that the trial court's judgment was in error as it was not found to be in the best interest of the children.[1] For the reasons set forth below, the judgment is reversed.

{¶2} Napper and Hartman are the parents of A.N. On March 16, 2018, the Agency filed a complaint alleging that A.N. was neglected and dependent. Doc. 2. At that time, the Agency had temporary custody of the children. Doc. 6. Due to numerous delays, the original complaint was dismissed on July 31, 2018, and a new complaint was filed that same day. Doc. 30-31. The children remained in the custody of the Agency. After numerous continuances, an adjudication hearing was held on September 11, 2018, and the child was found to be a dependent child. Doc. 45-46. The trial court held a dispositional hearing on October 12, 2018, and awarded temporary custody to the Agency. Doc. 48-49.

{¶3} On July 10, 2019, the Agency filed a motion for permanent custody of A.N. Doc. 54. The basis for the motion was that A.N. had been in the temporary custody for more than 12 out of the prior 22 months. *Id.* A hearing was held on the motion in October

---

[1] Although Hartman filed a notice of appeal, no brief was filed on her behalf. Her appeal has not been dismissed and no request for dismissal has been filed by anyone. Since the assignment of error raised by Napper would have the same effect on Hartman's rights as on Napper's rights, we will address her appeal as well.

2019. Doc. 92. At the conclusion, the trial court granted the Agency's motion for permanent custody. *Id*. The trial court made the following findings in its judgment entry.

> **Pursuant to [R.C. 2151.414(E)(4)], the Court finds by clear and convincing evidence the parents demonstrated lack of commitment to the child by failing to regularly support, visit or communicate with the child when offered to the opportunity to do so.**
>
> **The Court finds pursuant to [R.C. 2151.414(A)(1)], that the Agency made reasonable efforts to prevent the removal of the child from her parents' home and had taken steps to make it possible for the children to be returned home safely. However, the failure to work with the Agency in achieving the goals and objectives of the case plan prevent return of the child to the parents' home. The Agency has made reasonable efforts to prevent the need for placement and reasonable efforts to finalize the child's permanency plan in accordance with [R.C. 2151.414].**

*Id*. at 4-5. Napper and Hartman filed timely notices of appeal from this judgment. Doc. 93 and 99. On appeal, Napper raises the following assignment of error.

> **The trial court erred in granting permanent custody and that it was in the best interest of the child to be placed in the permanent custody of the Appellee.**

{¶4} The sole assignment of error in this case alleges that the trial court erred in granting permanent custody to the Agency. The granting of permanent custody is governed by R.C. 2151.414. *In re N.R.S.*, 3d Dist. Crawford Nos. 3-17-07, 3-17-08 and 3-17-09, 2018-Ohio-125, ¶ 12, citing *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, ¶ 26, 21 N.E.3d 308. "When considering a motion for permanent custody of a child, the trial court must comply with the statutory requirements set forth in R.C. 2151.414." *In re A.M.*, 3d Dist. Marion No. 9-14-46, 2015-Ohio-2740, ¶ 13, citing *In re C.E.*, 3d Dist. Hancock Nos.

5-09-02 and 5-09-03, 2009-Ohio-6027, ¶ 14. "R.C. 2151.414(B)(1) establishes a two-part test for courts to apply when determining whether to grant a motion for permanent custody: (1) the trial court must find that one of the circumstances in R.C. 2151.414(B)(1)(a)-(e) applies, and (2) the trial court must find that permanent custody is in the best interest of the child." *Y.W.*, 3d Dist. Allen No. 1-16-60, 2017-Ohio-4218, ¶ 10.

{¶5} Once a trial court has determined that one of the enumerated provisions in R.C. 2151.414(B)(1) applies, it then must determine by clear and convincing evidence whether granting the agency permanent custody of the child is in the child's best interest. *In re K.M.S.,* 3d Dist. Marion Nos. 9-15-37, 9-15-38, and 9-15-39, 2017-Ohio-142, ¶ 23. The best interest determination is based upon an analysis done pursuant to R.C. 2151.414(D)(1).

> **(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:**
>
> **(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;**
>
> **(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;**
>
> **(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or**

**private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;**

**(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;**

**(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.**

R.C. 2151.414(D)(1). "This court has previously held that 'in rendering its judgment, the trial court must either specifically address each of the required considerations set forth in R.C. 2151.414(D) in its judgment entry, or otherwise provide some affirmative indication in the record that the court has considered the specific factors listed in R.C. 2151.414(D).' " *In re J.F.*, 3d Dist. Marion Nos. 9-19-67, 9-19-68, 9-19-68, 9-19-69, 9-19-70, 9-19-71, 2020-Ohio-3085, ¶ 12 quoting *In re D.H.*, 3d Dist. Marion NO. 9-06-57, 2007-Ohio-1762, ¶ 21. The failure to provide this affirmative indication prevents this court from determining whether clear and convincing evidence supports that it is in the best interest of the children to grant permanent custody to the agency and requires this Court to remand the matter to the trial court. *Id*. at ¶ 17.

{¶6} Here, the trial court made a finding that Napper and Hartman had demonstrated a lack of commitment to A.N. by failing to regularly support, visit or communicate with the child when provided with an opportunity to do so. Doc. 92 at 4. Based upon this finding, the trial court found that one of the factors of 2151.414(E) applied and that as a

result A.N. could not be placed with Napper or Hartman within a reasonable time.[2]  The trial court then found that the Agency had made reasonable efforts to prevent the need for removal and then granted the Agency's motion for permanent custody.  However, the trial court failed to address the factors set forth in R.C. 2151.414(D)(1) in its judgment entry.  A review of the judgment entry does not affirmatively indicate that the trial court considered the factors and the phrase "best interest" does not appear in the judgment entry.  The entry does not indicate in any way that the trial court considered the best interest of A.N. before granting the motion.  Although we recognize that the evidence could be construed to support a conclusion that the granting of the motion for permanent custody was in the child's best interests, this alone is inadequate for this Court to determine that the trial court satisfied its statutory obligation to consider the factors set forth in R.C. 2151.414(D)(1) and to determine what was in the best interest of the child.  "It is not sufficient for the trial court to simply rely on the appellate court to review the factual record or narrative and then make the necessary inferences to determine whether the trial court must have considered each of the required statutory factors." *In re D.H. supra* at ¶ 20.  As set forth in our prior opinions, specifically *In re J.F., supra*, without this affirmative indication that the statutory factors were considered, the matter must be remanded for the

---

[2] We note that although the motion was based upon the fact that A.N. had been in the temporary custody of the Agency for 12 out of the prior 22 months as set forth in R.C. 2151.414(B)(1)(d), the trial court did not address this in the judgment entry, instead relying upon R.C. 2151.414(B)(1)(a).

trial court to consider the factors and make the appropriate findings regarding those factors. For this reason, the assignment of error is sustained.

{¶7} Having found prejudice in the particulars assigned and argued, the judgment of the Marion County Common Pleas Court, Family Division is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**